[No. 5452.    Decided February 23, 1905.]

ANDREW MORRISON, *Respondent,* v. MARIETTA SHIPMAN *et al, Appellants.*[1]

TAXATION—FORECLOSURE OF LIEN—JUDGMENT—PARTIES—STRANGER AND UNKNOWN OWNERS. Where taxes were assessed to unknown owners, a judgment foreclosing a tax certificate of delinquency in a proceeding instituted against one S and unknown owners, is not invalid because S was a stranger to the record, since it would have been valid against unknown owners alone, where the property was assessed to unknown owners.

Appeal from an order of the superior court for King county, Bell, J., entered June 3, 1904, overruling a motion to vacate a tax foreclosure judgment entered July 15, 1903. Affirmed.

*Lewis Henry Legg,* for appellants.

*J. B. Bridges,* for respondent.

PER CURIAM.—This is an appeal from an order denying a motion to vacate a tax judgment. It appears that one Emily Shipman was the owner of the property in con-

[1]Reported in 79 Pac. 632.

troversy, prior to her decease in the year 1895.   For the year 1898, the property was assessed to unknown owners, and a certificate of delinquency was issued for the taxes of that year.   The certificate stated that the owner was unknown.   The action brought to foreclose this certificate of delinquency was against Emily L. Shippen, and all persons unknown, if any, having or claiming an interest in the property.   It is conceded that, if the foreclosure proceedings had been instituted against an unknown owner, the judgment would be valid; but it is claimed that, by reason of the fact that such proceedings were against Emily L. Shippen, a stranger to the title, and all persons unknown, if any, having or claiming an interest in the property, such proceedings are void and should be set aside.   If a tax foreclosure against an unknown owner is valid—and this court has so held in case the property is assessed to an unknown owner—it would seem to follow as a matter of course that a proceeding against an unknown owner and others would be equally valid.

The appeal is without merit, and the judgment is affirmed.