[No. 5442. Decided March 29, 1905.]

SPOKANE FALLS & NORTHERN RAILWAY COMPANY,
*Appellant,* v. ALBERT ABITZ *et al.,*
*Respondents.*[1]

TAXATION—ACTION TO FORECLOSE COUNTY DELINQUENCY CERTIFI-CATE—SUMMONS BY PUBLICATION—OWNER NOT NAMED ALTHOUGH KNOWN—LISTED IN NAME OF WRONG PERSON—PROCEEDING IN REM. In a general proceeding to foreclose county delinquency certificates, which named one C as the owner of a specified tract of land, the same having been assessed to C on the treasurer's rolls at the time the certificate was issued, a summons by publication to each and every person named in the list as owner and to each and every person, known or unknown, if any, having any right to the premises, is sufficient notice to the owner of the tract, to whom it was assessed at the time of the commencement of the suit, although such owner was not unknown and had no notice

[1]Reported in 80 Pac. 192.

of the suit, and although C was never owner of the lots; in view of Laws 1901, p. 385, providing for notice exclusively by publication; and inasmuch as the proceeding is *in rem*, and owners are bound to take notice of the tax, and the provisions of the statute relating to the listing of the property to the owners are directory and not mandatory.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered July 12, 1904, dismissing an action to quiet title, upon sustaining a demurrer to the complaint. Affirmed.

*M. J. Gordon* and *Charles A. Murray,* for appellant. The statute requires the name of the owner to be taken from the latest rolls. *Western Land Ass'n v. McComber,* 41 Minn. 20, 42 N. W. 543. Statutes permitting constructive service must be strictly construed. *Mechlem v. Blake,* 19 Wis. 397; *Weatherbee v. Weatherbee,* 20 Wis. 499; *Sayles v. Davis,* 20 Wis. 302; *Early v. Doe,* 16 How. 610, 14 L. Ed. 1079. A judgment is void if defendant is not served. *Montgomery v. Manning,* 1 Wash. Ter. 434. A stranger to the record is not bound by it. *Stallcup v. Tacoma,* 13 Wash. 141, 42 Pac. 541, 52 Am. St. 25; *Dane v. Daniel,* 23 Wash. 379, 63 Pac. 268. The owner must have his day in court. Blackwell, Tax Titles (5th ed.), §§ 396-398. Omitting to state the name of the owner invalidates the sale. Id., § 429; *Washington v. Pratt,* 8 Wheat. 681; *Marx v. Hanthorn,* 30 Fed. 579; *Dowell v. Portland,* 13 Ore., 248, 10 Pac. 308. This safeguard was provided by the legislature and is mandatory. Cooley, Taxation (2d ed.), §§ 287, 288, 482-485.

*Poindexter, Kimball & Barnhart,* for respondents, among other things, to the point that the statute afforded ample opportunity to an owner to protect his interests and was due process of law, cited: *Leigh v. Green,* 64 Neb. 533, 90 N. W. 255; *Id.,* 193 U. S. 79, 24 Sup. Ct. 390,

48 L. Ed. 623; *Turpin v. Lemon,* 187 U. S. 51, 23 Sup. Ct. 20, 47 L. Ed. 70; *State ex rel. American Sav. Union v. Whittlesey,* 17 Wash. 447, 50 Pac. 119.

MOUNT, C. J.—Appellant brought this action to remove a cloud from its title to lots 5 and 6, block 14, First Addition to Sinto Addition to Spokane. Defendant filed a general demurrer to the complaint, which demurrer was sustained. Plaintiff elected to stand upon the allegations of the complaint, and the action was dismissed. The appeal is from this order.

The complaint alleges, in substance, that appellant is the owner, and in possession, of the said lots; that lot 6 was not assessed for taxation for the year 1892; that lot 5 was assessed to "unknown owner" upon the treasurer's rolls for that year, and the tax so assessed became delinquent. Both of said lots were assessed to appellant for the years 1893-4, and appellant appeared upon the roll for those years as the owner. The taxes so assessed became delinquent. Both of the said lots were assessed to one J. M. Cataldo, for the year 1895, and he appeared upon the rolls for that year as the owner. The taxes so assessed became delinquent. On January 31, 1898, all of the taxes as stated before, remaining delinquent, a certificate of delinquency issued to Spokane county for said lot 5 for the year 1892, and for lot 6 and a part of lot 5 for the years 1893-4-5. Both of said lots were assessed to appellant for the years 1899 and 1900, and appellant appeared upon the rolls as owner in those years.

In the month of October, 1901, Spokane county began an action in the superior court of that county to foreclose said certificate of delinquency, which action was entitled, "Spokane County v. Each and every person, firm, or corporation named in the following list as being the owner

or owners, according to the tax rolls of Spokane county, of lands, tenements, lots, tracts," etc., therein described, and following their respective names, "and to each and every person, firm, or corporation known or unknown, if any, having or claiming to have a lien or right or title in and to said premises," etc. The notice in the action entitled as above stated contained a list of real estate, in which list J. M. Cataldo was named as the owner of said lots 5 and 6. The persons designated in said notice, in the manner above stated, were notified and summoned by publication to appear and defend said action. No other notice was given. Appellant did not appear in said action. Pursuant to said foreclosure proceeding, a decree was entered and a sale had, and a deed to said lot 6 and a part of lot 5 was issued to one H. A. Hover, who transferred his interests to respondents.

J. M. Cataldo was never the owner of said lots, or either of them. He was not the owner as shown by the rolls for the years 1892-3-4. He was not the owner or reputed owner as shown by the rolls for the years 1900 and 1901. When the foreclosure proceedings were begun, appellant was the only person or corporation interested in said lots, down to the year when the sale took place. The latest rolls in the treasurer's office, at the time the foreclosure action was begun and when said notice was issued and published, were the rolls for the year 1900, upon which the name of the appellant appeared as owner of said lots. The appellant was not unknown. Said J. M. Cataldo was not the owner of the lots in fact, and was not, by the treasurer's tax rolls, shown to be the owner, at the time the foreclosure action was begun. The appellant was not named as a party defendant to said foreclosure proceeding, and was not served with notice other than the published notice, and never had any actual

notice of said action or any proceedings had therein. Nor was the property proceeded against as belonging to an unknown owner. The complaint alleged, also, that the property was at all times therein mentioned of the value of $1,000; that appellant had ever been ready and willing to pay all taxes against said property, and would have paid the same, if it had known that any foreclosure proceedings had been begun, and that it would have redeemed said premises, and would not have permitted the same to be sold for delinquent taxes, and tendered the respondent all taxes, interest, penalty, and costs paid by respondent, amounting to the sum of $249.70, and prayed that the tax deed be set aside and cancelled. The complaint was filed on the 10th day of December, 1903, more than one year after the deed under the tax foreclosure sale had been issued.

This appeal involves the consideration of section 3 of the law of 1901, page 385, relating to the collection of taxes, which section is as follows:

". . . Sec. 98. After the expiration of five years from the date of delinquency, when any property remains on the tax rolls for which no certificate of delinquency has been issued, the county treasurer shall proceed to issue certificates of delinquency on said property to the county, and shall file said certificates when completed with the clerk of the court, and the treasurer shall thereupon, . . . proceed to foreclose in the name of the county, the tax liens embraced in such certificates, and the same proceedings shall be had as when held by an individual: Provided, That summons may be served or notice given exclusively by publication in one general notice, describing the property as the same is described on the tax rolls. Said certificates of delinquency issued to the county may be issued in one general certificate in book form including all property, and the proceedings to foreclose the liens against said property may be brought in one action and all persons interested in any of the property involved in

said proceedings may be made co-defendants in said action, and if unknown may be therein named as unknown owners, and the publication of such notice shall be sufficient service thereof on all persons interested in the property described therein. The names of the person or persons appearing on the treasurer's rolls as the owner or owners of said property for the purpose of this act shall be considered and treated as the owner or owners of said property, and if upon said treasurer's rolls it appears that the owner or owners of said property are unknown, then said property shall be proceeded against, as belonging to an unknown owner or owners as the case may be, and all persons owning or claiming to own, or having or claiming to have an interest therein, are hereby required to take notice of said proceedings and of any and all steps thereunder."

Appellant contends, that, under the provisions of this section, notice shall be given to the person or persons appearing on the treasurer's rolls as the owner or owners at the time the notice is given, and not when the certificate is issued. We have frequently held that a proceeding to assess and collect taxes upon real estate under this statute is a proceeding *in rem*. *Woodward v. Taylor*, 33 Wash. 1, 73 Pac. 785, 75 Pac. 646; *Washington Timber etc. Co. v. Smith*, 34 Wash. 625, 76 Pac. 267; *Williams v. Pittock*, 35 Wash. 271, 77 Pac. 385; *Morrison v. Shipman*, 37 Wash. 171, 79 Pac. 632. In the case of *Williams v. Pittock*, we held that the provisions of the statute relating to owners were directory and not mandatory, and in that connection we said, at page 274:

"It would appear that the actual name of the real owner is made no more essential in the proceedings to foreclose than it is in the assessment. The whole procedure, including the assessment, foreclosure, and sale, is for the purpose of establishing and enforcing a lien for public revenue, which, under the policy of the state, is chargeable to the property only, and not personally to the owner. It

is the land itself with which the state is concerned, and its dominion over the land for revenue purposes exists without regard to who may be the owner. All owners know that such is the fact, and that the power of taxation will be exercised each year. In the very nature of our revenue procedure, the statutory provisions with regard to owners must have been intended to be directory rather than mandatory—of the form, and not of the essence of the proceedings. . . . If the property is assessed to an unknown owner, or to one not the real owner, the holder of a certificate should not be required to determine in advance who may be the real owner."

In *Washington Timber etc. Co. v. Smith, supra,* when referring to the provision that "all persons owning or claiming to own, or having or claiming to have, an interest therein are hereby required to take notice of the said proceedings, and any and all steps thereunder," we said, at page 638:

"With such a provision in our law, and with the positive declaration, quoted above, that all interested persons shall take notice of the steps taken in the cause, we see no reason why the statute shall not be given the force which was evidently intended, notwithstanding the fact that the summons is by publication only. The difficulties attending the collection of public revenue are many at best, and the relation of the citizen to the subject is somewhat different from his relation to the ordinary contractual obligations. He must take notice that by law his property is assessed each year, that the tax is due and delinquent at a fixed time, is a lien upon his land, and, if not paid, that the lien shall be enforced by foreclosure proceedings, and in the manner provided by statute."

And in *Morrison v. Shipman, supra,* where property was assessed to unknown owners and the action was brought to foreclose a certificate of delinquency against Emily L. Shippen, a stranger to the title, and all persons unknown, we held that the judgment in foreclosure was valid. See,

also, *Jefferson County v. Trumbull*, 34 Wash. 276, 75 Pac. 876. While the exact point involved here has never been directly determined by this court, we think the reasoning of the cases above noted is decisive of the question, and that, in line with these cases, we must hold that notice is sufficient when it is given to the person or persons appearing as the owner or owners upon the treasurer's rolls at the time the certificate is issued; especially where the notice is given under the section of the statute quoted first above, and runs to such owner and each and every person, firm, or corporation, known or unknown, having or claiming to have, any lien upon, or any right, title, interest, or estate in, the premises described, as was the case here.

The judgment appealed from is therefore affirmed.

DUNBAR, HADLEY, and FULLERTON, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.