[No. 5094.   Decided April 7, 1905.]

Ambrose Carson et al., *Appellants*, v. A. R. Titlow et al., *Respondents*.[1]

Taxation—Foreclosure—Summons—Name of Owner—Sufficiency. In a general foreclosure of a county's tax certificates of delinquency, notice to the reputed owner appearing on the tax rolls at the time a certificate was issued, and to all persons interested in the premises, is sufficient to bind the present owners, who were not named in the summons, although they were known to the county.

Same—Excessive Tax—Laches of Owner—Estoppel. A tax lien foreclosure judgment cannot be attacked on the ground that the tax was fraudulently excessive, where the owners had stood by for twelve years and made no attack upon the assessment, and had never tendered any part of the tax, since they are guilty of laches, and are estopped under Bal. Code, § 1767, by failing to litigate the excessive assessment in the foreclosure action.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered February 6, 1904, dismissing an action to quiet title, upon sustaining a demurrer to the complaint. Affirmed.

*J. W. A. Nichols* and *John C. Stallcup*, for appellants.

*A. R. Titlow* and *John M. Boyle*, for respondents.

Mount, C. J.—This action was brought by the appellants to obtain possession of certain real estate in Pierce

[1]Reported in 80 Pac. 299.

county, to remove a cloud from their alleged title, and to restrain respondents from asserting any right in the described real estate. The court below sustained a demurrer to the amended complaint, and dismissed the action. Plaintiffs appeal from this order.

It appears from the amended complaint, that the real estate in question had formerly belonged to plaintiffs' ancestors, and that state and county taxes had been levied against the said property, and permitted to go delinquent for a period of nine years; that thereafter, in the year 1901, Pierce county commenced an action to foreclose upon certificates of delinquency issued to it for the years 1892-3-4-5; that, as a result of this foreclosure proceeding, a decree was entered, and the property sold to the county, and a deed therefor subsequently issued to the respondents; that appellants had no actual notice or knowledge of said proceeding. It appears, also, from the complaint that the taxes assessed against the property were based upon an excessive valuation, purposely made by the assessing officers, while other property in the county was assessed at one-fifth of its true value, and that, after the year 1896, the name of the owners of said property remained blank upon the assessment rolls, and that both the county and the respondents knew the names of the owners thereof. In the case of *Spokane Falls etc. R. Co. v. Abitz, ante* p. 8, 80 Pac. 192, we held that, where the foreclosure proceedings were against the reputed owner appearing on the tax rolls at the time the certificate was issued, and where the notice ran to such owner, and each and every person having or claiming an interest in the premises sought to be sold, all such persons were required to take notice of the proceedings. Under this rule, the foreclosure proceedings in this case were valid against the real estate. Appellants cannot be heard to say, at this

late date, that the assessment was fraudulent because of excessive valuation. They show by the allegations of their complaint that they have stood by for twelve years and made no attempt to relieve the land from taxes levied against it, and that they have permitted taxes to become delinquent and their lands to be sold under tax foreclosure. The statute, at Bal. Code, § 1767, provides:

"And any judgment for the deed to real estate sold for delinquent taxes rendered after the passage of this act, except as otherwise provided in this section, shall estop all parties from raising any objections thereto, or to a tax title based thereon, which existed at or before the rendition of such judgment, and could have been presented as a defense to the application for such judgment in the court wherein the same was rendered, and as to all such questions the judgment itself shall be conclusive evidence of its regularity and validity in all collateral proceedings, except in cases where the tax or assessments have been paid or the real estate was not liable to the tax or assessment." Laws 1897, p. 191.

If appellants had shown any diligence at all in reference to their taxes on these lands, they would have known of the proceedings, and could have litigated the alleged excessive assessment with the county in the foreclosure action. It is not claimed that any part of the tax has been paid, or that the lands were not subject to taxation. We think, under the allegations of the complaint and the rules stated above, that appellants were clearly estopped to litigate the question of excessive assessment in this action.

The judgment appealed from is therefore affirmed.

HADLEY, DUNBAR, and FULLERTON, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.