(No. 5511. Decided July 14, 1905.)

A. J. ANDERSON *et al., Respondents,* v. EMANUEL TURATI *et al., Appellants.*[1]

TAXATION — FORECLOSURE — JURISDICTION — PROCESS — REQUISITES — NAME OF OWNER. A summons in foreclosure of a delinquency tax certificate is defective and the judgment is without jurisdiction, where the name of the owner of record was stated in the tax rolls and in the certificate, and was not given in the summons, but the name of a stranger to the title was inserted instead; and the tax deed is properly cancelled where the court finds that the true owners had no actual knowledge of the pendency of the tax foreclosure.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered October 17, 1904, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to set aside a tax deed. Affirmed.

*J. C. Cross,* for appellants.
*John C. Hogan,* for respondents.

HADLEY, J.—This action was brought to effect a cancellation of a tax deed which was issued by the treasurer of Chehalis county to the defendants in the cause. The plaintiffs being in possession of the land, allege that the

[1] Reported in 81 Pac. 557.

existence of the deed casts a cloud upon their title, and they ask that it be removed. They tendered and brought into court the necessary amount of taxes and costs represented by the tax deed. After a trial, the court granted the relief asked, and entered judgment setting aside the tax deed and removing the cloud thereof. The defendants have appealed.

It is contended by respondents that the court was without jurisdiction to render the judgment in the tax foreclosure proceeding under which the deed issued. The foreclosure was upon a certificate of delinquency for the taxes for the years 1896 to 1900 inclusive. The property was assessed for those years in the name of Samuel Benn as owner. The certificate of delinquency so stated upon its face. The application for judgment in the foreclosure suit also expressly stated that the property was assessed to Samuel Benn. Benn conveyed the property to one Decker. The latter and his wife conveyed to the respondents Anderson, and Anderson and wife entered into an executory contract to convey to the respondents McFadden. The deed from Benn to Decker was not of record when the foreclosure suit was begun, and although in existence it had not in fact been delivered at that time. The other conveyance, and the contract above mentioned, were executed after the tax deed, and are mentioned merely to show the present interest of respondents in this suit. Benn was the holder of the legal title in fact, when the foreclosure was begun, and was also described as owner in the tax records and certificate, but appellants did not make him a party to the foreclosure suit. The summons was directed as follows:

"The State of Washington to Jacob Kraber and Mary Doe Kraber, his wife, and all persons unknown, if any, having or claiming to have an interest in and to the real property hereinafter described."

The summons not only omitted to include the name of the owner, as shown by the tax records, but the persons actually named therein were entire strangers to the title,

having no interest in it whatever. The respondents, both by the complaint and evidence, tendered the issue that the summons was so made with the fraudulent intent of misleading the real owner; but we need not discuss that matter, inasmuch as we think the summons was insufficient without any actual fraudulent intention on the part of appellants. The statute, Laws 1901, p. 384, requires that the summons shall contain the name of the owner, if known. We said in *Williams v. Pittock*, 35 Wash. 271, 77 Pac. 385, that, when the property has been assessed to an unknown owner, and when a certificate of delinquency has been so issued, the foreclosure may be had in form against an unknown owner. . But we did not say that the name of an owner, as actually mentioned in the tax rolls and certificate of delinquency, may be omitted from the summons. Upon the contrary, as care was taken in that case to name in the summons the persons whose names appeared upon the tax records as owners, we stated that good faith was exercised, and that no more was required by way of investigating the subject of ownership.

We think the name of the owner described in the tax rolls and certificate of delinquency should be included in the summons, and that it is defective without it. Such omission may mislead, to the prejudice of owners and their grantees, as is claimed to have been true in this case. In the summons before us, the name of the tax record owner was omitted, and those of entire strangers to the title were inserted. It would have been difficult to prepare a summons more misleading in its terms. The court found that neither the tax record owner nor his grantees had any actual knowledge of the pendency of the foreclosure proceeding. The insertion of the name of the tax record owner would have brought at least constructive, if not actual, knowledge to him, and his grantees would have been chargeable therewith. We think, therefore, that the court was without jurisdiction to render the foreclosure judgment, that the subsequent tax

deed was issued without legal authority, and that the judgment in this action which cancelled the deed was right. The judgment is affirmed.

MOUNT, C. J., FULLERTON, CROW, RUDKIN, ROOT, and DUNBAR, JJ., concur.