40  253<br>41   41

[No. 5739. Decided September 26, 1905.]

HARRY G. ROWLAND et al., Respondents, v. JONAS O. ESKELAND et al., Appellants.[1]

TAXATION — FORECLOSURE OF LIENS — SERVICE BY PUBLICATION — NOTICE TO OWNERS—OWNERS DESCRIBED IN CERTIFICATE. In an action of ejectment by the purchaser of lands sold on a foreclosure of an individual delinquency tax certificate, an answer of the owners claiming by adverse possession fails to state any valid ground for attack on the foreclosure judgment by alleging the fact that they were resident owners, well known to the plaintiff, and were not served with notice; since the summons and notice need only be given to the owner described in the certificate; and since the proceeding is in rem, and it is competent for the legislature to provide for foreclosure without service other than by publication.

SAME — FORECLOSURE JUDGMENT — CONCLUSIVENESS — COLLATERAL ATTACK. A tax foreclosure judgment is conclusive as to all defenses specified in Bal. Code, § 1767, as to parties not contesting the same, who are thereby estopped to collaterally attack the judgment on the ground specified.

1Reported in 82 Pac. 599.

In an action by a purchaser to recover the possession of lands sold for taxes, it is a prerequisite to a defense that the defendants shall allege and prove a tender of the taxes for which the land was sold.

Appeal from the judgment of the superior court for Pierce county, Huston, J., entered March 25, 1905, upon findings in favor of the plaintiffs after a trial before the court without a jury, upon sustaining an objection to the introduction of any evidence in support of defendant's answer, in an action of ejectment. Affirmed.

*John A. Parker* and *J. W. A. Nichols,* for appellants.

*Dix H. Rowland,* for respondents.

MOUNT, C. J.—This is an action in ejectment brought by the respondents, to obtain possession of certain real estate in Pierce county. The complaint alleges title by virtue of a county treasurer's deed, issued under tax foreclosure proceedings upon a certificate of delinquency. The appellants answered the complaint, and denied generally the allegations thereof, and alleged three affirmative defenses, which, omitting the formal parts, are as follows:

"(1)   That these defendants during the last past sixteen years have been and still are in the peaceable, continuous, open, notorious, and adverse possession and occupation as their homes of said premises, under claim of title and ownership thereof, and have been during all of said time citizens and residents of the said county and state, having their home and well-known abode on the said premises, and so well known to plaintiffs herein; and that no summons, notice, or process of any kind has ever been served on defendants, or either of them, for the foreclosure of any tax lien by plaintiffs, or any person, persons, or corporation, or at all.

"(2)   That more than two-thirds of the premises described in the plaintiffs' complaint herein is of the class known as tide lands, lying below the high water line or lines of mesne high tide of the waters of Puget Sound, and is the property of the state of Washington, not subject to taxation for any purpose; that if any taxes have been levied

against said property, said attempted levies, and each and every of them, have been made against the property as a whole, and said levies and all proceedings thereunder are void for all purposes.

"(3)    That the foreclosure proceedings under the alleged deed referred to in plaintiffs' complaint were irregular and void in this:    The tax certificate issued therein was a single certificate issued against all of said property for taxes levied against said property as a whole; that said property is not of one single tract, but consists of two separate lots, tracts, or parcels of ground and entitled to separate assessment, levy, foreclosure, and sale for any taxes that might be properly taxable against the same, and that more than two-thirds of each of said tracts or lots so proceeded against is wholly non-taxable; that the assessment liens for the taxes attempted to be levied against said lots were sought to be foreclosed as a single lien against all of said property, and that both of said separate lots were sold together for one single sum, and were not sold or offered separately for any tax, levied or sought to be levied against them."

Then follows the prayer, that the plaintiffs' deed be held for naught and the action dismissed.    Respondents filed a demurrer to each of these separate defenses, upon the ground that they did not state facts sufficient to constitute a defense. This demurrer was overruled, and respondents replied, denying the allegations of each of the separate answers, and alleging, by way of estoppel, that defendants had never paid or tendered to the respondents the taxes paid by them, and that the defenses alleged in the answer existed prior to the foreclosure proceedings, and should have been presented as a defense in that action.

At the trial the plaintiffs offered in evidence their tax deed, and some other evidence relating to the manner of assessment of the property, and rested their case.    A witness for defendants was then called and sworn, but before he was permitted to testify, plaintiffs objected to the introduction of any evidence by defendants, on the ground that the answer failed to set out any payment or tender of the

amount of taxes for which the property was sold, or any part therof. The court sustained this objection. Defendants then offered to prove the facts substantially in the language of their separate defenses, as above quoted. This offer was denied. No offer or request was made to amend the answer in any respect, or to prove any other facts than those stated therein. Thereupon findings and a judgment were entered by the court in favor of the plaintiffs. Defendants appeal.

Bal. Code, § 1767, provides, that deeds executed by the county treasurer upon foreclosure of certificates for delinquent taxes shall be *prima facie* evidence in all suits in relation to the right of the purchaser to the real estate conveyed; that the real estate was subject to taxation, and was listed and assessed as required by law; that the taxes were not paid; that the real estate had not been redeemed; that it was sold for taxes, as stated in the deed; that the grantee in the deed was the purchaser, and that the sale was conducted in the manner required by law. The same section also provides:

"And any judgment for the deed to real estate sold for delinquent taxes rendered after the passage of this act, except as otherwise provided in this section, shall estop all parties from raising any objections thereto, or to a tax title based thereon, which existed at or before the rendition of such judgment, and could have been presented as a defense to the application for such judgment in the court wherein the same was rendered, and as to all such questions the judgment itself shall be conclusive evidence of its regularity and validity in all collateral proceedings, except in cases where the tax or assessments have been paid, or the real estate was not liable to the tax or assessment."

Under the provisions of this section, the tax deed made a *prima facie* case in favor of the respondents, and they were entitled to a judgment, unless the facts stated in the answer constituted a defense. Appellants contend that the allegation in the answer, to the effect that they had been

for sixteen years in the open and adverse occupation and claim of said premises as a home, which facts were well known to respondents, and that appellants were not made parties to the foreclosure suit, or given any notice thereof, rendered the judgment in foreclosure void, and since appellants were not parties to that action, they are not estopped to raise objections thereto. · The statute in regard to foreclosure of certificates of delinquent taxes held by individuals provides, at § 96, Revenue Law, 1897, as amended in 1899 (Laws 1899, p. 296), that:

"The holder of any certificate of delinquency may give notice to the owner of the property described in such certificate that he will apply to the superior court of the county in which such property is situated for a judgment foreclosing the lien."

Section 97 provides that the summons shall be served in the same manner as in civil actions. See, *McManus v. Morgan*, 38 Wash. 528, 80 Pac. 786. Section 98 (Laws 1899, p. 297), provides that, when the certificates are issued to the county and foreclosed by the county, the notice may be given exclusively by publication. We held in *Spokane Falls etc. R. Co. v. Abitz*, 38 Wash. 8, 80 Pac. 192, that the notice is sufficient where it is given to the person appearing as owner on the treasurer's rolls when the certificate is issued. The statute only requires notice to be given to the owner *described in such certificate*. In *Allen v. Peterson*, 38 Wash. 599, 80 Pac. 849, we said:

"As we have repeatedly held, a tax foreclosure proceeding in this state is a proceeding against property, and is in no sense an action against the person of the owner of such property. Its purpose is to charge such property with its just proportion of the public revenues, and the state's dominion over the land exists for that purpose without regard to its ownership. When, therefore, the legislature provided that the lien for taxes might be foreclosed in the courts against the person to whom the land was assessed, whether

that person was or was not the owner of the property, it acted within its powers, and the person foreclosing acquires a legal title by a proceeding as the statute directs;"

citing, *Woodward v. Taylor*, 33 Wash. 1, 73 Pac. 785, 75 Pac. 646; *Washington Timber & Loan Co. v. Smith*, 34 Wash. 625, 76 Pac. 267; *Williams v. Pittock*, 35 Wash. 271, 77 Pac. 385; *Morrison v. Shipman*, 37 Wash. 171, 79 Pac. 632; *Spokane Falls etc. R. Co. v. Abitz, supra.* See, also, *Carson v. Titlow*, 38 Wash. 196, 80 Pac. 299; *Anderson v. Turati*, 39 Wash. 155, 81 Pac. 557.

It follows that the actual ownership of the property is immaterial in these foreclosure proceedings, so long as the owner described in the certificate, and to whom the property was assessed, is given notice of such proceedings. It will be noticed that the answer in this case does not allege that the person or persons described in such certificate, and to whom the property was assessed, were not given notice of the proceedings, and it is not alleged that the property was assessed to any of the appellants. While the allegation of adverse possession, etc., may be sufficient to show that the appellants were the actual owners of the lands by reason of such possession, it does not follow that the property was not assessed to the owners of the record title against whom the appellants were maintaining ownership by adverse possession. Appellants did not allege, or offer to prove, the facts necessary to show that the proper notice was not given under the statute. We must presume, therefore, because nothing appears in the record to the contrary, that the court had jurisdiction over the land in the foreclosure proceedings.

If appellants desired to contest the collection of the taxes, because of matters set out in their second and third defenses, they were required to do so in the foreclosure action. These questions cannot be tried in this collateral proceeding, under the statute above cited. The answer did not state a defense to the action, and no proof of any facts constituting

a defense was offered. Furthermore, we have heretofore held that it was necessary for the defendants to allege and prove a tender to the plaintiffs of the taxes justly due and paid by them, as a prerequisite to their defense in this kind of a case. *Merritt v. Corey,* 22 Wash. 444, 61 Pac. 171; *Denman v. Steinbach,* 29 Wash. 179, 69 Pac. 751. The second and third defenses, in substance, admit that a part of the land was taxable. It was certainly necessary to allege that such taxes had been paid or tendered.

There is no error in the record, and the judgment is therefore affirmed.

HADLEY, CROW, FULLERTON, and DUNBAR, JJ., concur.

ROOT, J., concurs in the result.