[No. 6775. Decided January 6, 1908.]

F. K. SHIPLEY *et al.*, *Appellants*, v. W. T. GAFFNER *et al.*, *Respondents*.[1]

TAXATION—FORECLOSURE—SUMMONS—NAME OF OWNERS. The fact that taxing officers, in issuing certificates of delinquency and publishing notice on foreclosure, knew or by reasonable diligence could have ascertained the true ownership, does not invalidate a tax judgment and deed secured upon summons by publication against unknown owners, where the property was assessed to unknown owners or the name of the owner left blank; since the proceeding is in rem and the statute, Bal. Code, §§ 1699, 1749, does not require the officer to use diligence to ascertain the ownership

[1] Reported in 93 Pac. 211.

Appeal from a judgment of the superior court for King county, Albertson, J., entered April 20, 1907, upon sustaining a demurrer to the complaint, dismissing an action to recover possession of real property and to quiet title. Affirmed.

*Elias A. Wright* and *F. C. Kapp*, for appellants.

*Eugene A. Childe*, for respondents.

MOUNT, J.—This action was brought by appellants against respondents, to recover possession of certain real estate in King county which respondents claim under a tax deed, and also to remove the cloud thereby created. The general demurrer interposed to the amended complaint by respondents was sustained. Appellants elected to stand on their complaint, and an order of dismissal was entered, from which this appeal was prosecuted.

The amended complaint alleged, that appellants acquired the fee simple title to said property in November, 1889; that they have continued to be the sole owners and entitled to the exclusive possession thereof ever since; that the tax rolls in the office of the county treasurer for the years 1891, 1892, 1893, 1894, show that appellant F. K. Shipley, as owner, had duly paid the taxes for those years before delinquency; that in the tax rolls for the years 1891, 1892, and 1896 to 1902, both inclusive, said property was assessed to appellant F. K. Shipley, he being designated therein as the owner thereof; that in preparing the tax rolls for the year 1895, the county officials carelessly and negligently failed to insert the names of appellants as owners of said property, and left the space provided therefor blank, although each of said officials well knew, or by the use of reasonable diligence could have ascertained, that the appellants were the owners thereof; that on January 31, 1898, at which time the rolls of all the prior years were in his office, the treasurer of said county issued to the county a certificate of delinquency against said property for the taxes of the year 1895, amounting to $2.20;

that he carelessly and negligently neglected to name appellants as the owners of said property in the certificate, the space provided therefor having been left blank, although he well knew, or by the use of reasonable diligence could have ascertained, that appellants were the owners of said property; that he thereafter filed such certificate as the complaint in an action to foreclose the same; that neither of the appellants was named as a party to said action or attempted to be served with any process whatever; that in the published summons, which was the only process served or attempted to be served on the appellants in said action, appellants were not named at all, said property being designated therein as belonging to unknown owners, although the county treasurer well knew, or by the use of reasonable diligence could have ascertained, that the appellants were the owners thereof; that thereupon a decree of sale was entered and said property was advertised to be sold as belonging to unknown owners; that in November, 1902, a treasurer's deed was issued to respondent W. T. Gaffner, under which respondents claimed title to said property; that neither of appellants had any actual or constructive knowledge of said proceedings until August, 1906; that said property is worth $1,000; that a proper tender of all taxes, penalties, interest and costs had been made prior to the commencement of this action, which tender was refused; that by virtue of said matters the tax deed, under which respondents claim title to said property, was void and constituted a cloud upon the title of appellants.

The main question in the case is, may the county foreclose for delinquent taxes against property assessed to unknown owners, if the taxing officers knew, or by reasonable diligence could have ascertained, the names of the real owners. We have repeatedly held that these tax foreclosure proceedings are *in rem*, and not against the person of the owner, and that owners are bound to take notice of the property they own and pay the taxes thereon and defend against foreclosure for

delinquent taxes, even though the property is assessed to unknown persons or to other persons. *Rowland v. Eskeland,* 40 Wash. 253, 82 Pac. 599, and cases there cited.

In reference to the assessment of real estate, the statute in force at the time the assessment in this case was made provided "the assessor. shall make out in the detail and assessment list book, in numerical order, complete lists of all lands or lots subject to taxation, showing the names of the owners, if to him known, and if unknown, so stated opposite each tract or lot." Bal. Code, § 1699. There is nothing in this language which requires the assessor to use diligence to ascertain the names of the true owners. If he knows he must show them; but if unknown to *him,* he may so state. We think the officer's statement is conclusive upon the question. The statute providing for a certificate of delinquency requires a stub "which shall be a summary of the certificate and shall contain a statement:— (1) Description of the property assessed; (2) year or years for which assessed; (3) amount of tax and interest due; (4) name of owner or reputed owner, if known." Bal. Code, § 1749 (P. C. § 8689). This clearly refers to the name of the owner as stated on the assessment roll, and does not require the treasurer to draw upon his own knowledge or to examine other records to determine the actual ownership or the reputed ownership. The treasurer is simply a ministerial officer who exercises his duty in issuing these certificates, and no negligence can be charged against him when he follows the record as it appears in his office. It is true we said in *Rowland v. Eskeland, supra:*

"We held in *Spokane Falls etc. R. Co. v. Abitz,* 38 Wash. 8, 80 Pac. 192, that the notice is sufficient where it is given to. the person appearing as owner *on the treasurer's rolls when the certificate is issued.*"

And to the, same effect we quoted from the same case in *Carson v. Titlow,* 38 Wash. 196, 80 Pac. 299. We also said in *Rowland v. Eskeland,* at page 258:

"It follows that the actual ownership of the property is

immaterial in these foreclosure proceedings, so long as the owner described in the certificate, and to whom the property was assessed, is given notice of such proceedings."

The idea in these cases was that the treasurer was only required to state in the certificate the person to whom the property was assessed as the same appeared on the assessment rolls in the year when the taxes were delinquent. Some of the language used might, upon careful analysis, be construed as meaning that the treasurer was authorized or required to state the name of the owner which appeared on the rolls at the date of the certificate; that particular question was not under consideration in those cases and we did not mean to decide questions which were not involved therein. We are of the opinion, however, that the treasurer might, under the statute, state the name at either time, and that a foreclosure based thereon would be sufficient. It is certainly sufficient where he states the name as it appears on the rolls as the property was assessed. In this case the fact that the name of the owner was left blank amounted to a statement that the owner was unknown, in view of the rule that these proceedings are *in rem* and that owners are bound to take notice of the taxes against their property. The fact that the taxing officers knew, or by reasonable diligence could have learned, the true ownership, does not invalidate the tax or foreclosure proceedings where the property is assessed to unknown owners.

The lower court therefore properly sustained the demurrer, and the judgment must be affirmed.

HADLEY, C. J., CROW, and ROOT, JJ., concur.

RUDKIN and FULLERTON, JJ., took no part.