[No. 7452.   Decided January 7, 1909.]

JOHN E. CARNEY et al., *Respondents*, v. FRANK L. BIGHAM
et al., *Appellants*.[1]

TAXATION — FORECLOSURE — SUMMONS BY PUBLICATION — NAME OF
OWNER.  Under Laws, 1901, p. 383, § 1, providing that the holder of
a tax delinquency may give notice to the "owner of the property
described in the certificate," and Id., § 3, providing that the names
of the persons appearing on the assessment rolls as the owners of
said property shall be considered the owners thereof, notice of fore-
closure must be given to the actual owner or the owner described
on the rolls, and not to the person erroneously named in the certifi-
cate of delinquency as the owner; hence where the property of John
E. Carney was assessed on the rolls to J. E. Carney, and the certifi-
cate named J. G. Carney, the summons by publication was issued in
the latter name, and the owner was misled and had no actual notice
of the suit, the tax foreclosure and deed is void.

SAME—NAMES—MIDDLE INITIAL.  A tax foreclosure of the property
of John E. Carney, on publication of a summons against John G.
Carney, cannot be sustained on the theory that the middle initial
is no part of a person's name.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered January 8, 1908, in favor of
the plaintiffs, upon stipulated facts, in an action of eject-
ment.  Affirmed.

[1]Reported in 99 Pac. 21.

*Walter S. Fulton,* for appellants.

*Willett & Willett,* for respondents.

FULLERTON, J.—The respondents, who were plaintiffs below, brought this action to recover possession and quiet title to certain real property, situated in the city of Seattle, of which the appellants had possession, and which they were claiming under a tax deed issued by King county, in a tax foreclosure proceeding.

The facts were stipulated by the parties, and were in substance these: On and prior to June 3, 1901, the respondents were the owners in fee of the property in question, the title standing of record in the name of the husband, John E. Carney. The land had been listed for taxation on the assessment rolls of King county for the years 1896 to 1901, inclusive, under the name of J. E. Carney, and the taxes thereon for the several years named were unpaid. On August 2, 1900, the county treasurer of King county issued to the appellant Frank L. Bigham a certificate of delinquency in the sum of $4.49 for the year 1896, whereupon Bigham paid the taxes for the subsequent years of 1897, 1898, and 1899. The certificate recited the name of the person to whom the property was assessed as J. G. Carney, instead of J. E. Carney, as it appeared on the assessment rolls. After purchasing the certificate, the appellant Bigham inquired, in the neighborhood of the lots, for the J. G. Carney named in the certificate as the owner of the property, but failed to find any such person, although the real owner John E. Carney then resided, and for ten years or more had resided, within three blocks of the property; he being a well-known contractor and builder of the city of Seattle, having his name and address in the current city directories, both individually and in connection with the contracting firm of which he was a member.

June 3, 1901, the appellant Bigham, as plaintiff, began an action to foreclose the certificate of delinquency, making parties defendant J. G. Carney and Jane Doe Carney, his

wife. Summons for personal service was issued and placed in the hands of the sheriff of King county, who returned the same not found. Summons was thereupon served by publication, and in due time a judgment of foreclosure was entered and a sale had thereon, under which the tax deed was issued which is sought to be cancelled in the action. It is further agreed that the taxes paid by the appellants, together with interest, penalties and costs, amount to the sum of $65. On the foregoing facts, the court held the foreclosure invalid, and entered a judgment cancelling the tax deed and quieting title in the respondents, giving the appellants judgment for · the sum of $65, the amount of taxes paid by them.

It will be observed from the foregoing statement that neither the true owner of property, nor the person whose name appeared on the assessment rolls as the owner of the property, was made a party defendant to the foreclosure proceeding; but that the county treasurer, through inadvertence or otherwise, inserted a fictitious name in the certificate of delinquency which he issued to the appellant Frank L. Bigham, and that the appellant, being misled thereby, foreclosed against this fictitious person. The appellants contend, nevertheless, that the foreclosure proceeding is valid; that it is sufficient by the express terms of the statute to make the person named in the certificate of delinquency the sole party defendant, and that this court has so held. The statute relied upon is §1 of the act of March 20, 1901. Laws 1901, p. 383. By that act it is provided that, at any time after the expiration of three years from the original date of delinquency of any tax included in a certificate of delinquency,

"The holder of any certificate of delinquency may give notice to the owner of the property described in such certificate that he will apply to the superior court of the county in which the property is situated for a judgment foreclosing the lien," etc.

It is insisted that the word "described" in the quoted portion of the statute modifies the word "owner," instead of the

word "property," and hence the true construction of the statute is that the person named in the certificate of delinquency shall be deemed the true owner for the purpose of foreclosing the tax lien. The proper interpretation of this clause of the statute might be doubtful, if it stood alone, but a subsequent section definitely fixes its meaning. By §3 of the act above cited, it is provided that,

"The names of the person or persons appearing on the treasurer's rolls as the owner or owners of said property for the purpose of this act shall be considered and treated as the owner or owners of said property."

This section makes is clear that the person to whom the property is assessed is the only person other than the true owner against whom a valid foreclosure proceeding may be had in the courts, and that the insertion by the treasurer of the name of a person different from that appearing on the assessment rolls as the owner does not authorize the holder of the certificate to foreclose the lien by making such person a party defendant unless he be the true owner. On the contrary, the holder must at his peril foreclose against the person named on the treasurer's rolls as the owner of the property, or he must foreclose against the true owner.

The cases relied on to support the contention of the appellant are, *Anderson v. Turati,* 39 Wash. 155, 81 Pac. 557, and *Rowland v. Eskeland,* 40 Wash. 253, 82 Pac. 599. In the first of these cases it was said that the name of the owner described in the tax rolls and certificate of delinquency should be included in the summons, and that it is defective without it. In the second case similar language was used, and the further statement made that the statute only requires notice to be given to the owner described in the certificate. But an examination of the opinions in their entirety will show that the court used these expressions on the supposition that the treasurer had complied with his duty and had inserted in the certificate of delinquency the name of the person to whom the property was assessed on the treasurer's rolls. They

were not made with the view of a mistake on the part of the treasurer. Moreover the real meaning of the court was made clear in the subsequent case of *Sherman v. Schomber*, 43 Wash. 330, 86 Pac. 569, where the statute last above cited was quoted and this language used:

"This provision [Sec. 3 of the act of March 20, 1901] is clear and explicit to the effect that the person appearing as the owner on the treasurer's rolls shall be considered and treated as the owner,"

for the purpose of foreclosure; saying further that the appellants' contention to the effect that the statute quoted applied to foreclosures by the county, and not to foreclosures by an individual was unfounded, as the provision clearly applies to both classes.

Nor can the foreclosure proceedings be upheld on the theory that the middle initial is no part of a person's name, and hence no part of the name inscribed upon the assessment roll or in the certificate of delinquency. At common law, it is true, a legal name consisted of one given name and one surname or family name, and mistakes in a middle initial or a middle name were not regarded as of consequence. But since the use of initials instead of a given name before a surname has become a common practice, the necessity that these initials be all given and correctly given in court proceedings has become of importance in every case and in many absolutely essential to a correct designation of the person intended. The present case is a good illustration of the latter class of cases. The respondent, as has been shown, was a well-known person living close to the property in question, having his name in two places in all of the current city directories, yet neither the purchaser of the tax certificate when inquiring for the owner of the property, nor the sheriff having the process in his hand for service thought it worth while to inquire of the respondent whether he was the owner of the property or the person intended to be named in the

certificate of delinquency. Had the middle initial been correctly given no such oversight could have been possible.

The judgment appealed from is right and will stand affirmed.

MOUNT, RUDKIN, and DUNBAR, JJ., concur.