WARREN et ux. v. OREGON & W. R. CO. et al. †

(Circuit Court of Appeals, Ninth Circuit. February 7, 1910.)

No. 1,714.

TAXATION (§ 789*)—TAX DEEDS—EFFECT AS EVIDENCE—WASHINGTON STATUTE.
Under Laws Wash. 1899, p. 299, § 18, as construed by the Supreme Court of the state, a tax deed is prima facie evidence, not only of the validity of the deed and order under which the sale was made, but also of the regularity of all prior proceedings.

· [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1556–1569; Dec. Dig. § 789.*]

Appeal from the Circuit Court of the United States for the Western Division of the Western District of Washington.

Suit in equity by A. R. Warren and Daisy W. Warren, his wife, against the Oregon & Washington Railroad Company and others. Decree for defendants, and complainants appeal. Reversed.

O. G. Ellis, John D. Fletcher, and Robert E. Evans, for appellants.

F. A. Huffer and F. H. Kelley, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This suit was commenced for the determination of conflicting claims to certain real estate situate in Pierce county, state of Washington; the complainants alleging their ownership of the property by virtue of two deeds executed by the treasurer of that county in pursuance of a sale of the property to them for delinquent taxes under and by virtue of a decree of the superior court of Pierce county, foreclosing a lien for taxes thereon. The answer of the defendants put in issue the alleged title of the complainants, but admitted:

"That the plaintiff A. R. Warren made a pretended purchase of said real estate, with other property, from Pierce county, a legal subdivision of the state of Washington, at a pretended public sale of real estate held on the 23d day of August, 1902, in the city of Tacoma, Pierce county, Washington, which sale purported to be held pursuant to a pretended real estate tax judgment entered in the superior court of the state of Washington for the county of Pierce on the 12th day of August, 1902, in proceedings to foreclose tax liens upon real estate in said county, being tax case No. 851 of the files of said court, and a pretended order of sale issued by said court, and that thereafter plaintiff A. R. Warren received from the treasurer of said Pierce county, Washington, a certain paper writing purporting to be a tax deed, and purporting to grant and convey to the said A. R. Warren, his heirs and assigns, forever, the real estate described in said first cause of action, together with other property, which deed was dated the 23d day of August, 1902, and filed for record on the 25th day of August, and was recorded in Book 190 of Deeds, at page 292; of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Rehearing denied March 11, 1910.

the records of Pierce county, Washington; but this defendant denies that said pretended order of sale was duly issued, or issued at all, and denies that said pretended purchase by said Warren and sale by said county conveyed to said Warren, or to his coplaintiff, Daisy W. Warren, or their community, any right, title, or interest in said real estate, or any part thereof, and denies that any judgment was ever entered in said cause. That this defendant denies that under or by virtue of said pretended tax deed, or at all, plaintiffs, or either of them, became entitled to the possession of said real estate or any part thereof, and denies that at the time of the commencement of this suit, or at any time, plaintiffs, or either of them, were or are entitled to the possession of said premises, or any part thereof. That no certificate of delinquency of said property, or any part thereof, was ever signed, executed, or issued, or filed in the office of the clerk of said superior court, no valid service by publication or otherwise was ever made or had in said proceeding, and said superior court was without jurisdiction to make or render any judgment or order in said cause, and said tax proceedings, so far as they affect said property, and each and every part thereof, are null, void, and of no effect."

Similar denials and allegations are made in the answer in respect to the other cause of action stated in the bill, covering the other of the real property in controversy. The answer also set up the specific action and proceedings therein culminating in the judgment so questioned.

The complainants, to prove their claim of title, introduced in evidence the two tax deeds, but not the judgment or order of sale pursuant to which the sale was made. In giving judgment for the defendants the court below held, in effect, that the deeds constituted no evidence of any judgment or order of sale, and, consequently, that the burden rested upon the complainants to otherwise prove the validity of such judgment and order. In the absence of a statute regulating the effect of tax proceedings, that would undoubtedly be the correct rule; but there are statutory provisions in the state of Washington upon the subject, which, as construed by the Supreme Court of the state, would seem to hold that a tax deed is at least prima facie evidence, not only of the validity of the deed and order under which the sale is made, but also of the regularity of all former proceedings. See Laws Wash. 1899, p. 299, § 18; Laws Wash. 1897, p. 190, § 114; Laws Wash. 1875, p. 72, § 41; Ward v. Huggins, 7 Wash. 620, 32 Pac. 740, 1015, 36 Pac. 285; Rowland v. Eskeland, 40 Wash. 253, 82 Pac. 599; Miller v. Henderson, 50 Wash. 200, 96 Pac. 1052; Carson v. Titlow, 38 Wash. 196, 80 Pac. 299. See, also, Ontario Land Company v. Yordy, 212 U. S. 152, 29 Sup. Ct. 278, 53 L. Ed. 449; Wilfong v. Ontario Land Company, 171 Fed. 51, 96 C. C. A. 293.

The judgment is reversed, and the cause remanded to the court below for a new trial.