[No. 12787. Department Two. January 20, 1916.]

CHARLES ROCKWOOD, *Appellant*, v. H. H. TURNER, *Respondent*.[1]

APPEAL—RECORD—ABSTRACT. Motions to strike the abstract of record and briefs and to dismiss for failure to refer to the pages of the statement will be overruled where the statement comprises but thirty-seven pages, and because of its brevity an abstract was not necessary and no prejudice resulted.

APPEAL—RIGHT TO APPEAL—ESTOPPEL—CORRECTION OF JUDGMENT. The fact that appellant obtained a correction of the judgment in one particular which was admittedly wrong and the fault of the respondent, does not work an estoppel to appeal from the corrected judgment.

TRIAL—OBJECTIONS—WAIVER. Where, to show title, the records of the county auditor's office were offered in evidence showing a deed, and the same was read into the record, without objection other than objection to any description of additional property not in controversy, and appellant waived cross-examination, he thereby waived strict documentary evidence as shown by the deed record.

TAXATION—CERTIFICATE OF DELINQUENCY—FORECLOSURE—NOTICE—NAME OF OWNER—STATUTES. Under Rem. & Bal. Code, § 9254, providing for notice of the foreclosure of a certificate of delinquency to the "owner of the property described in the certificate" and Id., § 9257, providing that the name of the person appearing on the tax

[1]Reported in 154 Pac. 465.

rolls as the owner shall be considered as the owner of the property, upon the foreclosure of a certificate for the year 1908, when R. appeared on the assessment roll as the owner, he is the only person that need be named in the notice for publication, although the certificate of delinquency did not issue until one year thereafter, at which time M. appeared on the rolls as the owner, the unpaid taxes for 1909 and subsequent years having been paid.

SAME — FORECLOSURE — SUMMONS BY PUBLICATION—PROOF—SUFFICIENCY. Proof of publication of the summons in a tax foreclosure made by the "cashier" of a newspaper is insufficient to confer jurisdiction to enter judgment, in view of Rem. & Bal. Code, § 237, subd. 3, requiring such proof to be made by the affidavit of the "printer, publisher, foreman, principal clerk or business manager of the newspaper."

TAXATION—FORECLOSURE—JUDGMENT — RECITALS AS TO SERVICE — CONCLUSIVENESS. A recital in a tax foreclosure judgment of due service of summons is not conclusive and it will not be presumed that due service was made, where the record shows affirmatively that it was based upon a service by publication which was not proven in the manner required by law.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered September 17, 1914, in favor of the defendant, in an action to vacate a tax deed and to quiet title, tried to the court. Reversed.

*Cannon & Ferris* and *Peacock & Ludden,* for appellant.

*Cordiner & Cordiner,* for respondent.

HOLCOMB, J.—The appellant in this action attacks the validity of a tax judgment and tax sale upon two grounds: First, because notice of foreclosure of the delinquency certificate was not served upon all persons who appeared upon the roll of the county treasurer as owners of the land for the years 1908 and 1909; and second, because the proof of service of the published summons is defective.

I.  Respondent first moves to strike certain parts of appellant's abstract of the record and to dismiss the appeal, and to strike appellant's brief from the record and affirm the judgment. The first of these motions is without merit, for the reason that the statement of facts in this case comprises

but thirty-seven pages and there is no real necessity for an abstract of such a record. At any rate, the abstract is sufficient without "appropriate references by pages to the transcript or statement of facts," because of the brevity of the statement of facts and transcript. Respondent could not have been in any wise prejudiced or have suffered any hardship by the failure complained of. The same reasoning applies to respondent's motion to strike appellant's brief from the record, and it also is without merit. Both motions are denied.

II.   Respondent also contends that appellant is estopped from appealing from the judgment entered by the superior court, for the reason that appellant moved for and obtained an amendment of the judgment that was first entered by the superior court and is, therefore, bound by the amended judgment. It appears that the respondent included in the judgment which was first signed by the court a tract of land which he had no right to include in the judgment, and, upon a showing thereof by appellant, the judgment was amended and corrected to exclude that tract. We have little patience with a contention by counsel based upon a proceeding necessitated by counsel for respondent's own wrong. Of course, appellant invited the amendment, but he had a right to insist that the court should not include any more of his land in a judgment in an action to quiet title against a tax foreclosure proceeding than was involved therein. Upon the showing made therefor, if the trial court had not in all fairness corrected the judgment as it did, it would have been a gross inequity and wrong, and this court would have corrected it if brought properly before us.

III.   It is further contended by respondent that appellant did not prove that he had any interest in or to the land involved in this controversy; that the only evidence offered by appellant was parol evidence that he was the owner of the land; that respondent objected and excepted to the introduction of such evidence on the ground that parol evidence is in-

competent to prove title to real estate. This contention also
is not borne out by the record, since the statement of facts
and abstract show that appellant offered the record of the
county auditor's office of Spokane county showing the record
of a deed from one Cushing and wife dated March 31, 1902,
recorded in book 123 of deeds, at page 335, and including
the land described in this proceeding, as shown by an abstract
which he had in court, and read the same into the record;
that respondent objected to the description of any other
additional property than that described in this proceeding;
that respondent made no other objection, but reserved the
right to cross-examine plaintiff with the abstract which coun-
sel for plaintiff had just used, and which cross-examination
he thereafter waived. He therefore waived the strict docu-
mentary evidence as shown by the deed record, and his con-
tention is purely technical.

IV. Upon appellant's first contention, the facts are sub-
stantially these: The assessment roll of Spokane county for
the year 1908 showed the owner of the lands described in ap-
pellant's complaint to be Charles Rockford. During that
year, Charles Rockwood was in fact the owner of the tract
in question. The tax for that year was not paid. In 1909,
the assessment roll showed that one May Mallette was the
owner of the property involved. On July 18, 1910, a certifi-
cate of delinquency naming Charles Rockwood as owner cov-
ering the delinquent tax for 1908 upon the land was issued
to one A. J. Cuttell. This certificate was for $69.05, and
included the taxes due on the land for the year 1908, and
also, as an easy method of bookkeeping, instead of issuing
a separate receipt to the purchaser of the delinquency cer-
tificate for the tax on the land for the year 1909, the amount
thereof (excepting for an error made by the treasurer) was
added to and included in the certificate of delinquency for
1908, thus making the total of the certificate $69.05. The
holder of the certificate continued to pay taxes thereafter
until 1913. In July, 1913, the holder of the certificate be-

gan foreclosure proceedings in the superior court of Spokane county and, upon a showing therefor, made or attempted to make service by publication of the summons therein, the summons being directed to "Charles Rockford, et al." On October 17, 1913, the attorney for the certificate holder made a showing for default upon such published summons, the default was granted on October 20, 1913, and on the same day a judgment and decree of foreclosure of the tax delinquency certificate was made and entered by the superior court of Spokane county. An order of sale was issued thereon, and the land was subsequently sold to respondent. Appellant contends that the case is controlled by our decision in *Radcliff v. Hughes*, 82 Wash. 167, 143 Pac. 980. In that case we said:

"Section 9254, Rem. & Bal. Code, . . . provides, that when a certificate of delinquency is foreclosed 'notice to the owner of the property described in such certificate' is necessary. Section 9257, Rem. & Bal. Code, . . . provides that 'The names of the person or persons appearing on the treasurer's rolls as the owner or owners of said property for the purpose of this chapter shall be considered and treated as the owner or owners of said property. . . .' The respondent claims that the words 'names of the person or persons appearing on the treasurer's rolls as the owner or owners,' means the names so appearing at the time of the commencement of the action to foreclose. . . . This is not now an open question in this state. The view has been announced and adhered to that the names of the person or persons appearing upon the treasurer's rolls as owner or owners means the person or persons appearing as such on the rolls when the certificate is issued and who are described in such certificate as the owner or owners. . . . 'the statute only requires notice to be given to the owner *described in such certificate*.' "

But we think this case is against appellant's contention. It is true that the certificate of delinquency in this case issued in 1910, after the name of May Mallette appeared on the assessment roll as owner of the property; but the certif-

icate of delinquency was for the tax of 1908, which, under our statute, became delinquent June 1, 1909. Rem. & Bal. Code, § 9219 (P. C. 501 § 175). A certificate of delinquency could not be issued therefor until one year after delinquency. Rem. & Bal. Code, § 9252 (P. C. 501 § 237). The unpaid taxes for 1909 were, however, paid by the holder in 1910 at the time the certificate was issued, and thereafter he paid all the subsequent taxes assessed against the land. This was not, therefore, a foreclosure of a certificate of delinquency for 1909, but originated upon the delinquent taxes of 1908. The name appearing upon the assessment roll as owner of the land at that time was Charles Rockford. It was not necessary, therefore, under our decisions, to include the name of May Mallette in the summons and foreclosure. See, also, *Preston v. Cox*, 50 Wash. 451, 97 Pac. 493; *Williams v. Pittock*, 35 Wash. 271, 77 Pac. 385; *Rowland v. Eskeland*, 40 Wash. 253, 82 Pac. 599; *Shipley v. Gaffner*, 48 Wash. 169, 93 Pac. 211.

V. The record affirmatively shows that the only summons served in the foreclosure action was served by publication. Subdivision 3 of Rem. & Bal. Code, § 237 (P. C. 81 § 167), provides that proof of service of summons by publication shall be by "the affidavit of the printer, publisher, foreman, principal clerk or business manager of the newspaper," etc. The proof filed in the foreclosure suit is not by either printer, publisher, foreman, principal clerk, or business manager, but is made by a person who describes himself as the cashier of the newspaper. In *Neff v. Pennoyer*, 3 Sawyer 274, the United States Circuit Court for the District of Oregon, per Deady, J., passing upon a similar statute of the state of Oregon, providing for summons by publication and for proof thereof, said:

"Section 69 of the Code of Civil Procedure [of Oregon] requires that the service of the summons shall be proved, in case of publication by the 'affidavit of the printer or his foreman or his principal clerk.' As appears from the affidavit to

the publication it was made by Henry C. Benson, the 'editor' of the paper. The statute is imperative and admits of no proof of service but the affidavit of the printer or his foreman or his principal clerk. The reason is obvious. The persons described are the only ones who, as a rule, are likely to have personal knowledge of the fact, by virtue of their relation to the subject. It may be in some cases that the editor has such knowledge also, . . . but if it were so it should have been stated. But as a rule the contrary is probably true. One of the elementary rules of evidence is that a fact shall be proven by the best evidence of which, in its nature, it is susceptible. For very cogent reasons this rule ought to be rigidly applied to the proof of jurisdictional facts where the proceeding is *ex parte*. An editor does not know by virtue of his employment as such, that a summons has been published in all the numbers of the paper he edits, put in circulation during a certain period of time. But the printer may be reasonably presumed to. Therefore the editor's affidavit is not the best evidence of the matter. . . . For these very sufficient reasons, as it appears to me, the legislature has required that the service by publication shall be proven by the best evidence of which the case is susceptible—the affidavit of the printer, his foreman or principal clerk. This being so, no court is authorized for any reason to assume that the affidavit of an editor or other person, not the printer of a paper, is legal evidence of a publication therein."

The supreme court of Oregon, with reference to the same statute as that referred to in *Neff v. Pennoyer*, has repeatedly held that, in case of publication, proof by any one other than one of the persons referred to in the statute, viz., the printer or his foreman or his principal clerk, is not sufficient, and that a judgment based thereon is void. *Odell v. Campbell*, 9 Ore. 298; *Rafferty v. Davis*, 54 Ore. 77, 102 Pac. 305; *Osburn v. Maata*, 66 Ore. 558, 135 Pac. 165.

The proposition is similar to a case where a statute should require personal service to be made by a sheriff or his deputy who should make return thereof. If personal service were made by some other officer of a summons otherwise correct in form and if properly served conferring jurisdiction upon the

court, yet a return made by some other officer or person than the one prescribed by statute would be ineffectual and confer no jurisdiction upon the court.

It is contended, however, by respondent that the recital of the judgment in a foreclosure proceeding imports absolute verity; citing *Merz v. Mehner*, 57 Wash. 324, 106 Pac. 1118, and *McHugh v. Conner*, 68 Wash. 229, 122 Pac. 1018. If the record of a court is silent as to a jurisdictional fact for the purpose of upholding the judgment, it will be presumed that the fact was duly made to appear to the court. But when it appears from the record that such fact was made to appear by a certain means, it will not be presumed that it was also made to appear otherwise or by additional means. *Neff v. Pennoyer, supra.*

Here the record shows that the proof of service was by the affidavit of the cashier of the newspaper, and there is no other proof of service, and a motion for default by the attorney for the plaintiff was based upon the affidavit of such cashier and the affidavit of the attorney and upon publication of summons only. The order of default made by the court merely recited that the defendants had been "duly and regularly served with summons and notice herein, as required by law, and that more than sixty days have elapsed since the day of said service, and that said defendants, and each of them, are now in default."

The findings of fact, conclusions of law, and judgment in the foreclosure case merely referred to the order of default, and made no other recital of service. The record affirmatively shows that the service was not proven as required by law. The affidavit of the cashier of the publication of a summons was not the affidavit required by statute, and conferred no jurisdiction upon the court in the foreclosure proceeding based thereon. It was therefore void.

Respondent further contends that, in a cross-complaint which he made in connection with his answer to appellant's amended complaint, he alleged that appellant now is, and for

more than three years prior to the commencement of this action was, a nonresident of the state of Washington, and that respondent, prior to the commencement of this action, was, and now is, the owner in fee simple of the land, and that appellant does not deny these allegations. This contention is not borne out by the record. Appellant admitted in his reply that he is a nonresident of the state of Washington, but denied all the other affirmative allegations in respondent's further affirmative answer and cross-complaint.

The judgment is reversed, and the cause remanded with instructions to enter a decree in favor of appellant, upon his complying with the tender alleged in his amended complaint, quieting title in appellant.

MORRIS, C. J., BAUSMAN, PARKER, and MAIN, JJ., concur.