[No. 6087. Decided July 31, 1906.]

LUCY G. SHERMAN et al., Appellants, v. FRED SCHOMBER, as Treasurer of Thurston County, et al., Respondents.[1]

TAXATION—CERTIFICATE OF DELINQUENCY—FORECLOSURE—PARTIES—PROCESS—DECEASED OWNER. The foreclosure of a delinquency tax certificate by an individual owner, being a proceeding *in rem*, a summons for publication addressed to the person appearing on the rolls as owner, as required by Laws 1901, p. 386, is sufficient, although such person is dead at the time, and is binding upon the heirs, there being no charge of bad faith or attack upon the validity of the statute (RUDKIN, J., dissenting).

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered September 11, 1905, in favor of the defendant, upon sustaining a demurrer to the complaint, dismissing an action to set aside a tax deed. Affirmed.

*Wright & Kelleher,* for appellants.

*Troy & Falknor,* for respondents.

MOUNT, C. J.—This action was begun to vacate and set aside a deed issued by the treasurer of Thurston county, on

[1]Reported in 86 Pac. 569.

foreclosure of delinquent tax certificates issued to an individual, and to compel the said treasurer to receive payment of taxes upon the lands therein described, which are alleged to belong to the plaintiffs as heirs at law of one D. S. Hyde, deceased. A demurrer to the amended complaint was sustained by the lower court. The plaintiffs elected to stand upon the allegations of their complaint, and the action was dismissed. Plaintiffs appeal.

It appears from the complaint that the lands in question were owned by one D. S. Hyde in Thurston county, and assessed in his name for the years 1893 to 1901, inclusive; that the taxes for said years became delinquent; that on November 1, 1901, a certificate of delinquency was issued to respondent John A. Rea, for the years 1893 to 1895, inclusive, and on April 18, 1902, a certificate was issued to Mr. Rea for the years 1896 to 1900, inclusive; that on October 14, 1900, the said D. S. Hyde died in King county, Washington, leaving the plaintiffs as his heirs at law, and on August 5, 1902, Genevieve A. Kimball was, by the superior court of King county, duly appointed executrix of his estate; that in the month of May, 1902, the said John A. Rea commenced foreclosure proceedings in the superior court of Thurston county, against "D. S. Hyde and Mrs. D. S. Hyde," to foreclose his certificates of delinquency; that service was made by publication of the summons, and upon default, judgment of sale was entered and the property sold and subsequently bid in by Mr. Rea, and thereafter a deed regularly issued. It is not claimed that the plaintiff in the foreclosure action knew that the defendant, D. S. Hyde, was deceased, or that he had ever resided within the state of Washington, or knew that any of the appellants had any interest in the lands. There is no charge of bad faith. The complaint shows that D. S. Hyde, at the time of his death, was a bachelor, and that there was no such person as "Mrs. D. S. Hyde."

The only question presented on this appeal is whether an individual can foreclose a certificate for delinquent taxes under the statute against the person appearing as owner on the treasurer's rolls, where such owner is dead at the time service is made by publication. We have uniformly and re peatedly held, since the passage of the present revenue law, that tax foreclosure proceedings in this state are proceedings *in rem*, and in no sense is such a proceeding an action against the person of the owner of the property, and that foreclosure against the person named on the rolls as such owner, in the manner provided by law, is notice to all persons claiming an interest therein, and conveys a legal title. *Rowland v. Eskeland*, 40 Wash. 253, 83 Pac. 189, and the cases therein cited. The statutes relating to foreclosure in these cases provide, at § 98, as amended in 1901, Laws 1901, p. 386:

"The names of the person or persons appearing on the treasurer's rolls as the owner or owners of said property for the purpose of this act shall be considered and treated as the owner or owners of said property, and if upon said treas urer's rolls it appears that the owner or owners of said prop erty are unknown, then said property shall be proceeded against, as belonging to an unknown owner or owners as the case may be, and all persons owning or claiming to own, or having or claiming to have an interest therein, are hereby required to take notice of said proceedings and of any and all steps thereunder."

This provision is clear and explicit to the effect that the per son appearing as the owner on the treasurer's rolls shall be considered and treated as the owner, and all persons owning or claiming an interest in the property are required to take notice of the proceedings.

Appellants contend that the above provision applies only to proceedings conducted by the county, and does not apply to proceedings by an individual, but the provision recites that the name appearing on the rolls as the owner shall be treated as the owner *"for the purpose of this act,"* and the act pro-

vides for foreclosure by the county or by an individual to whom the county may assign a certificate. We think the provision above quoted applies to both the county and the individual. In the case of *Allen v. Peterson*, 38 Wash. 599, 80 Pac. 849, which was a case where the property was assessed to one Peterson and a certificate issued to one Allen, who thereafter brought an action to foreclose, said Peterson and one Sanders were made parties, service was made by publication, and a decree and deed followed. It afterwards appeared that Peterson was dead at the time the action was begun. In that case we said:

"It is next insisted that the judgment is void because one of the defendants was dead at the time the action was begun. Unquestionably a judgment rendered against a dead person is void as to such person, and ordinarily has no binding force against those claiming under him as heirs or devisees. But a judgment rendered against two persons, one of whom is dead, is not necessarily void as to both."

The statement made in that case was, no doubt, correct as a general rule, but we did not there decide that the judgment was void as against the lands of the deceased person, or as against other persons claiming an interest therein. Such decision was not necessary in that case. The effect of our decision was that, even if the judgment was void as to Peterson and his heirs and devisees, it was not void as to those who were made parties to the action. Nor was it decided in that case that a statute such as the one under consideration could not make a judgment valid *in rem* as against all persons claiming an interest in the lands in question. The question is now squarely presented whether the persons claiming as heirs are bound by the statutory service. Under former decisions of this court in this class of cases, and under the construction which we have placed upon the statute above cited, we are driven to the conclusion that all persons claiming any interest in the property are required to take notice of such foreclosure proceedings. The appellants in this case do not

attack the validity of such statute, and that question is not presented in the case.

For the reasons above given, the judgment is affirmed.

HADLEY, FULLERTON, DUNBAR, CROW, and ROOT, JJ., concur.

RUDKIN, J., dissents.