[No. 6269. Decided December 27, 1906.]

THE DARNELL MINING AND MILLING COMPANY, *Respondent*, v. CHARLES C. RUCKLES, *Appellant*.[1]

TAXATION—FORECLOSURE OF DELINQUENCY CERTIFICATES—PARTIES. A proceeding to foreclose a delinquency tax certificate need only be brought against the persons to whom the property was assessed on the tax rolls, and where no fraud is practiced, other persons interested in the property are bound to take notice, and are concluded by the judgment.

Appeal from a judgment of the superior court for Cowlitz county, McCredie, J., entered November 27, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to set aside a tax sale and deed, and to quiet title. Reversed.

*W. F. Magill*, for appellant.

MOUNT, C. J.—This action was brought by respondent. The complaint alleges that respondent is the owner of certain

[1]Reported in 88 Pac. 101.

mining rights in lots 1, 2 and 3, of block B, Innus' addition to Kalama, and fractional lots 1, 2, and 3, in block B, of Stone's addition to Kalama, in Cowlitz county, together with all the right, title, and interest in and to said lots; that the appellant has taken possession of said premises without right, and has damaged the same in particulars which are set out, and threatens to continue to remain in possession of said lots; that the appellant claims some interest in the property by way of a certain tax sale and deed, which are alleged to be void and fraudulently obtained, and that no rights of the respondent were affected thereby, because respondent was not made a party in any tax foreclosure proceedings and was not served with process therein. The prayer is for a decree setting aside the tax sale and deed and adjudging the respondent to be the lawful owner in fee of said lots, and entitled to the use, occupation, and possession of the same, and that appellant be restrained from interfering with the respondent's rights therein. The appellant by his answer denies the claim of the respondent as alleged in the complaint, and then as a first affirmative defense alleges ownership of the land in fee in appellant since January 4, 1904, by reason of purchase from J. C. Darnell and wife, who were the owners of the lots at that time; and as a second affirmative defense appellant alleges ownership in fee in himself by reason of a tax foreclosure in 1904, by A. Bystrom, for delinquent taxes accruing prior to that time. These affirmative defenses are denied by the reply. Upon a trial the court found in favor of the respondent, and adjudged that the tax sale and deed issued in pursuance thereof were void because the proceedings were fraudulent, and because the respondent was not made a party thereto. The validity of this tax sale is the only question which is necessary to be considered.

The respondent, which was plaintiff in the court below, has not appeared in this court, and does not aid us in the consideration of the question. The evidence before the trial court is conclusive, that the land in question was assessed for many

years to J. C. Darnell upon the tax rolls of Cowlitz county where the land is located; that the taxes levied thereon were permitted to go delinquent; that in the year 1903 one A. D. Willoughby purchased from the county treasurer a certificate of delinquency upon the lots for the year 1897, and paid the subsequent delinquent taxes from that time down to and including the year 1903. Thereafter, on January 2, 1904, Mr. Willoughby assigned the certificate of delinquency to A. Bystrom, and on January 3, 1904, Mr. Bystrom took out a certificate of delinquency on the lots in Stone's addition for the year 1900, and paid the subsequent delinquent taxes for the years 1901-2-3. On the 4th of January, 1904, the appellant purchased the property in question from J. C. Darnell and wife for $1,000. The deed of conveyance from Darnell and wife to the appellant excepted certain mining rights theretofore conveyed to the respondent. At the time of the purchase by appellant from Darnell and wife, some question arose as to the title and as to the delinquent taxes. Darnell thereupon deducted the amount of these taxes from the purchase price. Thereupon the appellant paid to Mr. Bystrom the amount Mr. Bystrom had paid for delinquent taxes upon the lots in question, but requested Mr. Bystrom to foreclose the certificates of delinquency so as to avoid adverse claims of title to the land. Upon that same day Mr. Bystrom brought an action to foreclose the certificates of delinquency. J. C. Darnell and wife, to whom the land had been assessed on the assessment rolls, were made the only parties defendant. Personal service was regularly had upon them. No appearance was made, and subsequently a judgment by default was entered, and the land ordered sold. At the sale Mr. Bystrom bid in the property and, after receiving a tax deed therefor, conveyed the lots to the appellant.

We find no evidence whatever that the foreclosure was fraudulent. The only evidence which in the least tended in that direction was a statement by Mr. Darnell, in his testimony, to the effect that the appellant, Mr. Ruckles, stated to

him at the time of the purchase of the land on January 4, 1904, that he—Ruckles—would redeem the outstanding delinquent tax certificates. This evidence was denied by Mr. Ruckles, who testified that he made no such promise, but that he said he would purchase the certificates and foreclose them and thus make his title good; and the record shows that he proceeded immediately to do so. He paid Mr. Bystrom the amount due on the certificates and requested Mr. Bystrom to foreclose the certificates for him, which was done. Mr. Darnell at that time was an officer in the respondent Darnell Mining and Milling Company, and was served with summons in the foreclosure proceeding. It is not claimed that there was any fraud on the part of Mr. Darnell, or that the appellant and Darnell were dealing in any other way than at arm's length. The evidence is entirely insufficient to base a finding of fraud upon. It is only necessary in delinquent foreclosure proceedings to make such persons parties and serve such persons with notice as appear as owners on the assessment rolls. All other persons having or claiming interests in the property are bound to take notice of the proceedings. *Spokane Falls etc. Co. v. Abitz*, 38 Wash. 8, 80 Pac. 192; *Rowland v. Eskeland*, 40 Wash. 253, 82 Pac. 599; *Sherman v. Schomber*, 43 Wash. 330, 86 Pac. 569.

It is conceded, or at least proven beyond question, that the foreclosure proceedings were regular against Darnell and wife, to whom the property was assessed upon the assessment rolls. The tax foreclosure proceedings were therefore valid against the respondent, and the proceedings having been regular, conveyed to appellant whatever interest respondent had in the property.

The judgment of the lower court must therefore be reversed, and the cause remanded with instructions to the lower court to enter a decree quieting title in the appellant.

Crow, Root, and Dunbar, JJ., concur.

Hadley and Fullerton, JJ., took no part.