[No. 7415.  Decided September 29, 1908.]

DANIEL O. PRESTON et al., Appellants, v. A. H. COX et al., Respondents, H. B. KENNEDY et al., Defendants.[1]

TAXATION — FORECLOSURE — NOTICE — SUFFICIENCY—NAME OF DE-CEASED OWNERS.  A tax foreclosure judgment is void where the notice in foreclosure did not give the name of the owner to whom the property was assessed on the tax rolls, who was dead, but was directed to two descendants who, also, were dead at the time; since it failed to state either the name of the person to whom the property was as-sessed or the name of the owners; it being sufficient to give notice in the name of the person to whom the property was assessed, whether alive or dead, and unnecessary to name the present owners.

QUIETING TITLE—EVIDENCE OF TITLE—JUDICIAL PROCEEDINGS—TAX-ATION.  A distribution in probate proceedings of the property of the deceased to his heirs is some evidence of title, without deraignment of title from the government, and sufficient to support a judgment removing the cloud of tax foreclosure proceedings against land as-sessed to the deceased, as to parties claiming through the same source.

Appeal from a judgment of the superior court for King county, Yakey, J., entered January 24, 1908, upon findings in favor of the defendants, after a trial before the court without a jury, in an action to set aside a tax title.  Reversed.

Edward Judd, for appellants.

A. E. Parker and A. C. MacDonald, for respondents.

HADLEY, C. J.—This is an action to set aside certain tax foreclosure decrees, and to remove the cloud of all proceed-ings thereunder.  Certificates of delinquency were issued for the several lots concerned to H. B. Kennedy, for the unpaid taxes of 1896 and prior years.  The name of the owner upon the tax rolls at the time the taxes were assessed was L. M. Ordway, and each of the certificates of delinquency showed that the property was so assessed.  In the suits to foreclose the liens of the certificates, L. M. Ordway was not named in

[1]Reported in 97 Pac. 493.

the notices or summonses. She was dead at the time, a fact which was then known to the plaintiff in the foreclosure suits. Under probate proceedings in the estate of L. M. Ordway, the lots in question were, by decree of distribution, distributed to F. E. Ordway and Ellen Preston. In the foreclosure suits the said distributees were named as defendants in the notices, but they were both dead at the time, a fact then unknown to the holder of the certificates. The foreclosure proceedings are attacked here on the ground that the notices were insufficient under the statute to confer jurisdiction upon the court. The plaintiff in this action, D. O. Preston, has acquired the interest which was distributed under the probate proceedings and, claiming to be the community owners thereof, he and his wife have brought this action. The court gave judgment against the plaintiffs, and they have appealed.

The record of the tax title foreclosure presents a peculiar situation. The tax record owner was dead, and was not named in the notices. It was held in *Williams v. Pittock*, 35 Wash. 271, 77 Pac. 385, that, inasmuch as the tax foreclosure proceeding is purely one *in rem*, it is the intention and policy of the statute that the notice is sufficient when it is directed to the tax record owner and to all persons unknown, if any, having an interest in the property. It was also held in *Sherman v. Schomber*, 43 Wash. 330, 86 Pac. 569, that a publication summons addressed to the person appearing on the tax rolls as owner is sufficient, although such person is dead at the time.

It is contended, however, that it has never been held that it is sufficient to name a tax record owner who is dead when the fact of such death is known to the certificate holder. Such a question has not been directly passed upon by this court, so far as we are advised. We think, however, that knowledge of the death is an immaterial factor. The purpose of the statute is to establish some standard by which a certificate holder may require all persons interested in the property to take notice of the pending procedure to fore-

close.   As we said in *Williams v. Pittock, supra,* he is not
required to determine in advance who may be the owner in
fact—a difficult and hazardous thing to attempt in many
cases.   By describing the name used in the tax records when
the tax was assessed, and by so directing the notice, he may
require all interested persons to take notice.   The notice is
not for the purpose of acquiring jurisdiction of any par-
ticular person, but rather of the property only, and when
the assessment record is identified and the notice clearly and
properly specifies the name used in that record as owner, then
the real owner, who is charged with knowledge of who was the
tax record owner, must take notice that the proceeding affects
his land.   It therefore becomes immaterial whether the per-
son named as the tax record owner be living or dead at the
time.   The purpose of using his name is simply to identify a
record upon which the proceeding is founded, and of the
existence of which the real owner must legally know.   The
notices in the foreclosure suits in question were directed to
two persons who were dead, and who were therefore not the
real owners at the time.   Inasmuch as neither the tax record
owner nor the real owner was named, there was no process
upon which the court was authorized to proceed.

Respondents, however, contend that the judgment was
right in this case, for the reason that appellants did not
show a deraignment of their title from the United States
government.   The court found, however, that the property
was regularly distributed by probate proceedings, and that
the appellants have acquired the property so distributed.
We think the distribution of the property by the probate
court to the heirs of the deceased Ordway, from whom appel-
lants derive title, was such a judicial determination as must
be accepted as evidence of some title.   It is a higher class of
proof than would be a mere deed from an individual grantor
who might be a stranger to the title, and we think it shows
sufficient title to enable the holder thereof to ask the removal

of a cloud created by court proceedings not founded on juris-dictional process. The probate proceedings were upon the estate of the same person who owned the land when the assess-ment was made through which respondents claim. Both, therefore, claim title from a common source, and the proof was sufficient to enable appellants to prosecute the action against these respondents.

The record shows that before the commencement of this action all taxes, penalties, interest, and costs were tendered to respondents, as provided by law. The judgment is, there-fore, reversed and the cause remanded with instructions to enter judgment for appellants as prayed in their complaint, upon their paying into court the amount of the tender for the use and benefit of the respondents.

RUDKIN, FULLERTON, MOUNT, ROOT, and CROW, JJ., con-cur.