[No. 8902.    Department One.    November 21, 1910.]

## DORA DARRIN, *Respondent*, v. GLEN C. HUMES *et al.*, *Appellants*.[1]

QUIETING TITLE — TITLE OF PLAINTIFF—PLEADING—EVIDENCE OF TITLE—SUFFICIENCY. In an action to quiet title, the plaintiff's title is sufficiently shown by a warranty deed, without having deraigned her title, where the defendants claimed under a common source through a void tax foreclosure naming the plaintiff as owner, and the validity of the plaintiff's deed was not disputed, in view of Rem. & Bal. Code, § 8747, providing that a warranty deed shall be deemed and held a conveyance in fee simple.

Appeal from a judgment of the superior court for King county, Clifford, J., entered September 17, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*Fred H. Lysons, A. C. MacDonald,* and *Miller & Lysons,* for appellants.

*Brady & Rummens,* for respondent.

MOUNT, J.—This action was brought by the respondent to quiet title against the claim of appellants, and for possession of certain real estate. At the trial of the case, the court granted the relief prayed for in the complaint, and the defendants have appealed.

Upon the trial of the case, it appeared that the appellants were in possession of the land under a claim of right by reason of the fact that their grantor had purchased the same at a void tax sale. Appellants knew that the tax sale was invalid and, at the time of the trial, did not claim to have title to the land, but insisted that they had an interest therein by reason of having paid taxes thereon for a number of years. Three questions are presented in the brief of the appellants, to the effect, that the tax foreclosure sale against the respondent was valid; that no tender of taxes which had been paid by the

[1]Reported in 111 Pac. 767.

appellants had been made by the respondent prior to the commencement of the action; and that respondent failed to deraign her title to the land.   At the oral argument in this court, the first two points were waived, but appellants insist that the action must fail and that the court erred in not dismissing the action, because the respondent failed to deraign her title; and the rule is invoked that the plaintiff must recover upon the strength of her own title, and not upon the weakness of defendant's title.

The respondent introduced in evidence a general warranty deed from Charles B. Darrin, which was duly acknowledged and recorded in October, 1888, long before the taxes were paid by the appellants and long before the tax foreclosure took place.   It was conceded that the tax foreclosure under which appellants claim an interest named the respondent as the owner of the land.   Our statute provides that a warranty deed, when "duly executed, shall be deemed and held a conveyance in fee simple to the grantee, his heirs and assigns." Rem. & Bal. Code, § 8747.   The validity of this deed was apparently not disputed by the evidence, and it was conceded that whatever interest the appellants had was derived from the void tax foreclosure against the respondent, who was the record owner and to whom the property was assessed. Under these circumstances, we think there was sufficient proof of title in the respondent to justify the court in entering a decree quieting title against the claim of the appellant.   In *Preston v. Cox*, 50 Wash. 451, 97 Pac. 493, we held that:

"A distribution in probate proceedings of the property of the deceased to his heirs is some evidence of title,   .   .   . and sufficient to support a judgment removing the cloud of tax foreclosure proceedings against land assessed to deceased, as to the parties claiming through the same source."

In that case we said that a judicial determination in probate "is a higher class of proof than would be a deed from an individual grantor who might be a stranger to the title." We also said:

"The probate proceedings were upon the estate of the same person who owned the land when the assessment was made through which respondents claim.    Both, therefore, claim from a common source, and the proof was sufficient to enable appellants to prosecute the action against these respondents."

So, in this case, the parties are claiming from a common source.    In addition, the respondent shows title through a warranty deed, which the statute provides shall be deemed and held a conveyance in fee simple to the grantee.    It is not shown or contended that the respondent's grantor was a stranger to the title, and it was conceded that the void tax foreclosure conducted by the appellants' grantor showed that respondent was the owner and reputed owner.    We are of the opinion, therefore, that the proof of title in the respondent was sufficient, and the judgment must be affirmed.

PARKER, FULLERTON, and GOSE, JJ., concur.

RUDKIN, C. J., concurs in the result.