Argued July 10, affirmed July 23, 1918.

# STUDLEY *v.* LUSE.*

(173 Pac. 1182.)

**Taxation—Liens for Taxes and Special Assessments—Priorities.**

1.   Under Sections 3540-3735, L. O. L., as to revenue and taxation, a lien for general taxes, although subsequent in time, is prior and superior to a lien for special assessments for street improvement made by City of Eugene pursuant to Section 58 of its charter, as to priority of lien for special assessment, and owner of lien for general taxes is entitled to foreclose it without first paying the city the amount of the special assessment.

**Statutes—Construction—Adoption from Other State.**

2.   It is a general rule that when one state adopts the law of another, and that law has been construed by the highest court of the latter state, such construction will be followed.

>   [As to construction of adopted statutes, see note in **Ann. Cas.** 1917B, 651.]

From Lane: JAMES W. HAMILTON, Judge.

Department 2.

This is a suit to foreclose a tax certificate of delinquency of Lane County for the year 1913 and the amount of subsequent taxes on Lots 1 and 2 in Block 2 of Fairmount in the City of Eugene. That city and the owners of the property were defendants and the owners made default. The complaint is in the usual form for such suits and, among other things, it alleges that the City of Eugene as a municipal corporation "claims some lien against said property by virtue of a paving assessment."

The city filed an answer in which the material allegations of the complaint are admitted, and for a further and separate defense alleged that on March 25, 1912, the common council of the city determined to improve the streets in front of the property covered by

*On superiority of lien for special assessments over lien for taxes, see note in 30 **L. R. A. (N. S.)** 768.        REPORTER.

the tax certificate of delinquency and duly passed an ordinance for such improvement; that pursuant to such ordinance the contemplated improvements were made and on January 21, 1913, the city assessed the cost thereof to the abutting property, which is the property described in the complaint; that the amount of such assessment against the property was $603.39, which on January 23d was entered in the docket of city liens. The answer also pleaded the city charter which provides that such an assessment entered on such city liens "is to be deemed a tax levied and a lien against such property, which lien shall have priority over all other or subsequent liens or encumbrances whatever upon the property against which the cost of said improvements or repairs is assessed, and shall be enforced in the manner in this chapter provided"; that it is now a subsisting lien and became and is a first and prior lien on and against the property, including the tax lien of plaintiff.

The plaintiff filed a demurrer to the further and separate answer, which was sustained, and the city refused further to plead. A decree was entered in favor of the plaintiff for the amount of the tax certificate of delinquency and directing that the property be sold and the proceeds applied to the satisfaction of the decree, from which this appeal is taken. No question is raised as to the pleadings, the validity of either assessment or the lien under the assessments, and the only controversy is as to the priority of plaintiff's lien by virtue of his tax certificate of delinquency over the lien of the city for street improvements and whether it was the duty of the plaintiff to pay the city the amount of its lien before he should be entitled to a decree of foreclosure under his certificate.

Affirmed.

For appellant, City of Eugene, there was a brief and an oral argument by *Mr. O. H. Foster.*

For plaintiff-respondent, there was a brief and an oral argument by *Mr. L. M. Travis.*

JOHNS, J.—Lord's Oregon Laws, Sections 3540 to 3735, inclusive, provide for "revenue and taxation" and specify what property shall be assessed, for what purposes and by whom it shall be assessed; provide for the equalization of such assessments and for a board of tax commissioners, and define the powers and duties of such board. Provision is made for the County Court to levy taxes; for the collection of all taxes, specifying by whom such taxes shall be collected, when they are to be paid, and providing for the enforcement of such collection; the payment thereof to the county treasurer; and for the segregation of the funds so received and the disbursement thereof by the county treasurer. Section 3551 provides:

"All real property within this state, and all personal property situated or owned within this state, except such as may be specifically exempted by law, shall be subject to assessment and taxation in equal and ratable proportion."

Section 3552 defines what is "land" and Section 3553 defines what is "personal property." Section 3555 provides:

"All lands within the boundary of any county road, and all dedicated streets and alleys in any incorporated or unincorporated city or town, or town plat, within this state, shall be exempt from assessment and taxation while used for such purposes."

Section 3666 gives the meaning of the term "tax collector," as follows:

"The words 'tax collector,' wherever used in this act, shall be taken to mean the person or officer who by law is charged with the duty of collecting taxes assessed upon real property, and shall be held to include his deputy."

Section 3667 specifies that "the sheriff of each county shall be the tax collector thereof."

In the matter of tax liens and priority thereof, Section 3684 provides:

"All taxes which may be hereafter lawfully imposed, charged, or levied upon real property, including taxes on personal property charged upon real property as provided in the preceding section, shall be, and they are hereby, declared to be a lien upon such real property from and including the day on which the warrant authorizing the collection of such taxes upon real property is issued. * * Such liens shall have priority to and shall be fully paid and satisfied before any and every judgment, mortgage, or other lien or claim whatsoever, except the lien for a tax for a subsequent year; and every certificate of delinquency * * shall be deemed to assign to and vest in the holder, purchaser or transferee the lien herein prescribed."

There are other sections of the statute which provide for the manner of levying taxes, by whom and for what purposes such levies shall be made, and for the filing of the certificate thereof with the county clerk. The whole plan of "revenue and taxation" is to provide adequate funds for the operation and maintenance of the state government and its subordinate branches. To insure the collection of the necessary funds the taxes so levied are made a first and prior lien over any and all other liens, "except the lien for the tax for a subsequent year."

By special act of the legislature the City of Eugene was reincorporated in February, 1905. Section 58 of the charter then granted it provides that:

"The docket of city liens is a public writing, and the original, or a copy, certified by the City Recorder, of any matter authorized to be entered therein are entitled to the force and effect of a judgment, and from the time of the entry therein of an assessment against any property, the sum so entered is to be deemed a tax levied and a lien against such property, which lien shall have priority over all other or subsequent liens or encumbrances whatever upon the property against which the costs of said improvements or repairs is assessed, and shall be enforced in the manner in this chapter provided."

1. Under this section it is contended that a lien for city improvements is superior in time and right to a tax lien which is levied to provide necessary funds to maintain the state administration and its subordinate branches. We do not think that the legislature ever intended to enact a law which would give priority to a city lien for street improvements over the lien of taxes levied for governmental purposes. In legal effect such a law would make the whole system of our state government and its institutions subordinate and inferior to the municipal administration of the City of Eugene. We do not think that is the law and it is the opinion of the writer that such a law would be void. The provision in the city charter to the effect that a lien for street improvements "shall be deemed a tax" does not mean that it shall be a tax for governmental purposes or that it shall be collected by the sheriff or tax collector. There is a marked difference between a lien levied for a street improvement and a lien levied as a tax for governmental purposes. The one is levied under a local or special law; the other is levied

under a general law. The general law provides that a tax when levied shall be a lien upon the specific property assessed and also that streets, alleys and county roads shall be exempt from assessment and taxation. Assessments for street improvements cannot be levied upon the specific property improved, they can be levied against the abutting property only.

2. Our present law as to the priority of a tax lien over the lien for a street improvement is a substantial copy of the former law of the State of Washington. While not inflexible, yet it is a general rule that when one state adopts the law of another and that law has been construed by the highest court of the latter state such construction will be followed. In the case of *McMillan* v. *Tacoma,* 26 Wash. 358, 363 (67 Pac. 68) it was decided that:

"Under that declaration of the legislature it must be held that the holder of a delinquent general tax certificate is not required to pay local street assessment liens before he can proceed to foreclose and sell under his general tax lien. He is entitled to a decree establishing his tax lien as paramount and superior to all other liens or charges against the property."

"The state and its subordinate municipalities cannot exist without the collection of public revenue, and serious confusion would result if the lien of taxes levied for that purpose would remain inferior to, or equal with, local assessments or other liens."

The decree of the Circuit Court is affirmed.

AFFIRMED.

McBRIDE, C. J., BEAN and BENSON, JJ., concur.