Submitted on briefs at Pendleton May 4, affirmed June 23, 1925.

## LOUIE McKENNON v. LEE WARNICK, Sheriff, ET AL.

### (236 Pac. 1051.)

**Taxation—Lien on Realty for Delinquent Personal Property Tax Dates from Time Realty is Selected and Lien Entered on Tax-roll—"Owned."**

1. Under Section 4324, Or. L., providing that personal property tax shall become lien on delinquent taxpayer's realty whenever tax collector selects tract owned by delinquent and notes lien on tax-roll, and Section 4325, lien dates from time it is noted on tax-roll, and collector cannot charge tax against land previously conveyed by delinquent taxpayers; "owned" meaning to have good legal title, to hold as property, to possess.

**Taxation—Statutory Tax Lien not Divested by Transfer of Property to Which It has Attached.**

2. Statutory tax lien is not divested by transfer of property to which it has attached, but it follows property.

**Taxation—Tax Lien cannot be Created by Construction or by Mere Implication.**

3. Tax lien cannot be created by construction or by mere implication.

See (1) 29 Cyc. 1548; 37 Cyc. 1143.   (2) 37 Cyc. 1140, 1145.   (3) 37 Cyc. 1139.

From Union: J. W. Knowles, Judge.

In Banc.

This suit involves the validity of a personal property tax lien charged against real property. More than a year after the transfer of the title to the real estate involved herein, which transfer was made long before the personal property tax became due and payable, the sheriff and tax collector of Union County, in order to collect the delinquent personal property tax, charged it upon the real property.

On March 1, 1920, Albert N. Krouse was the owner of personalty and the following described real property:

1.  See 26 R. C. L. 388.

The Northeast Quarter of the Northeast Quarter (NE. ¼ of NE. ¼) of Section 23, Township 4 South, Range 38 East of the W. M., in Union County, Oregon.

His real and personal property was duly assessed to him for the year 1920. On March 28, 1920, for a valuable consideration, Krouse conveyed the above-described tract of land to G. I. Wade by deed which was recorded in the Deed Records for Union County on April 10, 1920. Wade conveyed the property to one J. D. McKennon by deed which was accordingly duly recorded. Thereafter J. D. McKennon died and, by his last will and testament, the above-described land was devised to the plaintiff herein. On October 31, 1921, Lee Warnick, the defendant herein, as sheriff and *ex-officio* tax collector of Union County, selected the real property hereinbefore described and charged the delinquent tax due on the personal property of Albert N. Krouse against that real property. Thereafter, Louie McKennon brought suit against Union County and against Lee Warnick, sheriff of Union County, for the purpose of having the alleged tax lien declared null and void and of no effect. The defendants answered by filing a demurrer, which was overruled. The defendants having failed to plead further, it was decreed that the pretended lien be declared void and of no effect, and the defendants were enjoined from attempting to assert a lien, or to sell or transfer the real property for the personal tax due from Albert N. Krouse. Defendants appeal.

AFFIRMED.

For appellants there was a brief over the names of *Mr. Ed. Wright,* District Attorney, and *Mr. Carl G. Helm.*

For respondent there was a brief over the name of *Mr. John S. Hodgin.*

BROWN, J.—1. The time when a lien for taxes will attach to the land must be determined by reference to the language of the statute.

"Whenever, after delinquency, in the opinion of the tax collector, it becomes necessary to charge the tax on personal property against real property in order that such personal property tax may be collected, such tax collecter shall select for the purpose some particular tract or lots of real property owned by the person, firm, corporation or association owing such personal property tax, and shall note upon the tax roll opposite such tract or lots the said tax on personal property, and said tax shall be a lien on such real property and shall be enforced in the same manner as other real estate tax liens." Or. L., § 4324.

The delinquent tax shall be charged against real property *owned* by the delinquent taxpayer. The word "owned," as used in the statute, has a well-defined meaning:

"Own. To have a good legal title; to hold as property; * * to possess." 29 Cyc. 1548.

The property sought to be subjected to the alleged lien had not been owned by Krouse for more than a year prior to the entry of the encumbrance.

Section 4325, Or. L., provides that taxes lawfully levied upon real or personal property, including taxes on personal property charged upon real property as provided in the quoted section, shall be a lien upon such real and personal property respectively, and that taxes assessed upon real property constitute a lien on such real property from and including the first day of March in the year in which they are *levied* until the taxes are paid. This section further provides

that the taxes assessed upon personal property shall be a lien upon all the personal property of the person assessed from and after the date when such assessment is made, and the sale or transfer of such personal property shall in no way affect the lien for taxes assessed against the same.

"The general rule is that taxes are not a lien unless expressly made so by statute or ordinance; and a statute to create a tax lien must expressly provide for the lien, or the implication must be so plain as to be equivalent to positive language. * *

"If a statute makes taxes a lien on particular kinds of property, it cannot be extended by construction to include other kinds of property. Generally it covers only property owned at the time the lien attaches." 3 Cooley, Taxation (4 ed.), §§ 1230, 1235.

In support of their contention, the defendants cite *Iowa Land Co.* v. *Douglas County*, 8 S. D. 491 (67 N. W. 52), and *Danforth* v. *McCook County*, 11 S. D. 258 (76 N. W. 940, 74 Am. St. Rep. 808). These decisions do not sustain defendants' contention. The cases cited are based upon a statute that makes a tax on personal property a lien upon any real property owned by such person, or to which he may thereafter acquire title; whereas, under our statute, the lien is based upon the taxpayer's delinquency in the payment of his personal property tax, and dates from the time when the tax collector shall select a particular tract or lots of real property owned by the delinquent taxpayer and note upon the tax-roll opposite such tract the taxpayer's tax on personal property. At that time, and not until that time, shall such tax become a lien on the real property.

2. A statutory tax lien is not divested by a transfer of the property to which it has attached. On the contrary, such tax lien follows the property. However,

in the case at bar, the tax lien involved had not attached to the real property prior to the time it was conveyed.

As to the time when the tax lien attaches to real property when no time is specifically designated, the rule is as follows:

"It is apprehended that the attaching of the lien should date from the time when, by the extension of the tax upon the assessment roll, a particular sum has become a charge upon a particular tract or lot of land. For, in the nature of things, no tax or assessment can exist so as to become a lien or incumbrance upon real estate until the amount thereof is ascertained and determined." Black on Tax Titles (2 ed.), § 189.

3. How could Albert N. Krouse's grantee have ascertained the amount of the tax lien, if any, or upon what lot of land it would be placed? The law-making body could have made the personal property tax a lien upon all of his real property. But this it did not do. It is commonplace law that a tax lien cannot be created by construction or by mere implication. The legislature has specifically stated when and how delinquent taxes assessed against personal property shall be made a lien upon the taxpayer's real property.

This case should be affirmed. It is so ordered.

Affirmed.