Argued March 1, reversed June 4, costs disallowed either party, July 2, 1929.

DELROY GETCHELL v. A. W. WALKER ET AL.

(278 Pac. 93.)

604

For appellants there was a brief over the name of *Mr. Newton Chaney*, District Attorney, with an oral argument by *Mr. G. M. Roberts*.

For respondent Delroy Getchell there was a brief and oral argument by *Mr. Gus Newbury*.

For defendants A. W. Walker and Katie Walker there was a brief over the name of *Mr. E. E. Kelly*.

COSHOW, C. J.—All that is written in this opinion must be read in the light of the attitude of both parties that the validity of the assessment and levy of the taxes is not disputed. It is conceded also that the attempted sale in the tax foreclosure proceeding of the real property described in the mortgage was

void because the court did not acquire jurisdiction. The publication of the summons in the tax foreclosure proceeding, and in another suit involving the same summons, was held by the Circuit Court to be insufficient to confer jurisdiction. No appeal was taken from that decision. Both parties present the case here upon the theory that the court did not acquire jurisdiction to decree foreclosure and sale of the land for taxes.

The appealing defendants, however, urge very vehemently that the personal property tax, having been applied to the real property described in the mortgage before the instant foreclosure suit was instituted, constitutes said personal tax a lien upon said real property prior in time and superior in right to the lien of plaintiff's mortgage. The lien of the mortgage is not otherwise assailed. This suit was commenced by filing a complaint on the fifth day of June, 1924. The personal property taxes for 1917 were charged June 19, 1920, and for other years mentioned herein May 14, 1923, to the land described in the mortgage. The personal property tax was for the years 1917, 1919, 1920, 1921, 1922, and together with the real property tax aggregated with interest and penalties $2,739.47 at the date of the entry in the decree of the Circuit Court. Plaintiff tendered the amount of the taxes assessed against the real property, but refused to pay the taxes assessed against the personal property and applied to the real property.

■ "Whenever, after delinquency, *in the opinion of the tax collector,* it becomes necessary to charge the tax on personal property against real property in order that such personal property tax may be collected, such tax collector shall select for the purpose some

particular tract or lots of real property owned by the person, * * owing such personal property tax, and shall note upon the tax roll opposite such tract or lots the said tax on personal property, and said tax *shall be a lien on such real property and shall be enforced in the same manner as other real estate tax liens.*'' Or. L., § 4324.

This language is clear and plain. It requires no construction. In *McKennon* v. *Warnick*, 115 Or. 163, 166 (236 Pac. 1051, 1052), Mr. Justice BROWN wrote in reference to the lien for taxes on real property for taxes assessed against personal property:

'' * * under our statute, the lien is based upon the taxpayer's delinquency in the payment of his personal property tax, and dates from the time when the tax collector shall select a particular tract or lots of real property owned by the delinquent taxpayer and note upon the tax-roll opposite such tract the taxpayer's tax on personal property. At that time, and not until that time, shall such tax become a lien on the real property.

''A statutory tax lien is not divested by a transfer of the property to which it has attached. On the contrary, such tax lien follows the property.''

■ The taxes on personal property charged against defendant A. W. Walker became a lien against the real property described in plaintiff's mortgage on June 19, 1920, for the 1917 taxes and for the other years May 14, 1923, and continues until discharged. That lien was not discharged by the attempted sale of the property for taxes. The able attorney for plaintiff urges that the attempted sale for taxes was utterly void because the court had no jurisdiction to make the decree. Plaintiff cannot be heard now to say that void proceeding discharged the lien against

the real property for the delinquent personal property taxes.

■ Plaintiff also strenuously argues that defendant A. W. Walker had plenty of personal property out of which the sheriff of Jackson County could have collected the personal property tax. The logical result of plaintiff's position in that behalf is that because the sheriff could have collected the personal property tax from the personal property, therefore defendant county is precluded from applying it upon the real property described in plaintiff's mortgage. That is to say, that since the sheriff failed to do his plain duty to collect the taxes from the personal property against which it was levied, therefore the county must lose the tax since the taxpayer is hopelessly insolvent. Such is not the law. The law clearly states that said delinquent property tax shall be applied to some real property selected for that purpose when *in the opinion of the tax collector* it is necessary so to do in order to collect the tax. The statute makes the tax collector the sole judge as to when it is necessary to charge the personal property tax against real property. When he makes the application the tax becomes a lien on such real property.

■ "All taxes which may hereafter be lawfully imposed, charged or levied upon real or personal property, *including taxes on personal property charged upon* real property, as provided in the preceding section, shall be, and they are hereby, declared to be a lien upon such real and personal property, respectively. * * Such liens shall have priority to and be fully paid and satisfied before any and *every judgment, mortgage* or other lien or claim whatsoever, except the lien for a tax for a subsequent year; * * " Or. L., § 4325.

Under a similar enactment (a city charter) in New Jersey the Court of Errors and Appeals ruled to the same effect, stating:

"The lien claimed in behalf of the city is for water rates during the years 1874, 1875, 1876, 1877, 1878, 1879, 1880, 1881, for water actually used by the owner of the land on the premises where he lived. If they were allowed to accumulate it was the fault of the owner and also of the mortgagee, who might have learned, on inquiry, if the charges had been paid from year to year. The remedy, for the oppression of which he now complains has always been in his own hands." *Vreeland* v. *Mayor etc. of Jersey City*, 37 N. J. Eq. 574, 576.

That decision is based on contract. The logic is applicable to the instant case. The validity of the assessment and levy of the taxes is not assailed by plaintiff. The obligation to pay the taxes is as binding as though based on contract. The taxes and lien are matters of record. Mortgagees must take notice of the law. Every mortgage is subject to the prior lien for taxes whether levied prior or subsequent to the lien of the mortgage: *The City of Seattle* v. *Hill*, 14 Wash. 487 (45 Pac. 17, 35 L. R. A. 372), and other cases cited below.

Plaintiff was not a party to the ejectment action against defendants A. W. and Katie Walker and relied on by defendants-appellants. Plaintiff is not bound by the judgment in that action. It was necessary in order to foreclose .plaintiff's mortgage for him to have tendered into court the amount for such delinquent taxes. Plaintiff had the right to require defendants to set up their interest in or lien upon the realty. When that was done and it appeared from the pleadings, as it does in the instant case, that

the delinquent taxes constituted a lien against the real property, before plaintiff could be further heard in the suit he should have been required to tender into court an amount sufficient to satisfy that lien. This plaintiff refused to do. His only tender was for the taxes levied against the real property. By making that tender he admits the validity of the taxes levied. He refuses to acknowledge a lien against the real property for the personal property tax. The law requires him, however, to tender the amount of the lien: Or. L., § 4376; *Hibernia Commercial & Savings Bank* v. *McArthur,* 121 Or. 413 (255 Pac. 466); *Bagley* v. *Bloch,* 83 Or. 607, 619 et seq. (163 Pac. 425), and cases therein cited. When the personal property tax was applied to the real property involved they became as much a lien on the real property as though originally levied against that property. Or. L., §§ 4324 and 4325; *McKennon* v. *Warnick,* above; *Wyman* v. *Noonday Mining Co.,* 100 Or. 211 (197 Pac. 289); *Studley* v. *Luse,* 89 Or. 338 (173 Pac. 1182); *Creason* v. *Douglas County,* 86 Or. 159, 162 (167 Pac. 796); *Provident Institution* v. *Jersey City,* 113 U. S. 506 (28 L. Ed. 1102, 5 Sup. Ct. Rep. 612).

■ The statute providing for the application of personal property taxes to real property was adopted by this state from the State of Washington. This opinion is in harmony with the decisions of the State of Washington. *Darnell Min. & Mill. Co.* v. *Ruckles,* 45 Wash. 180 (88 Pac. 101), and cases therein cited. The decisions of the Supreme Court of Washington are entitled to great weight because our legislature is supposed to have had knowledge of them when our statute was enacted: *State ex rel. Johnson* v. *Circuit*

*Court,* 114 Or. 6 et seq. (234 Pac. 262) ; *State* v. *Stilwell,* 100 Or. 637 et seq. (198 Pac. 559).

The courts in other states having a similar statute have made the same application thereof: *Vreeland* v. *Mayor etc. of Jersey City,* 37 N. J. Eq. 574; *New England Loan & Trust Co.* v. *Young,* 81 Iowa, 732 (39 N. W. 116, 46 N. W. 1103, 10 L. R. A. 478); *Bibbins* v. *Clark,* 90 Iowa, 230 (57 N. W. 884, 59 N. W. 290, 29 L. R. A. 278). Both of the cases from Iowa, as reported in L. R. A., contain very valuable and extensive notes. In *New England Loan & Trust Co.* v. *Young,* above, Mr. Justice GIVEN, who wrote the opinion, records:

"It is a general principle in our system of taxation that, when taxes are made a lien upon real estate, they become prior and superior to all mortgage or judgment liens. Were it otherwise, the State in the collection of her revenues would be placed in the attitude of a junior lien-holder, and forced to redeem from prior liens, or be defeated in the collection of her taxes. The power of taxation is an incident of sovereignty, and the exercise of that power cannot be defeated by asserting superiority for the claims of individuals."

Another very instructing opinion is *Seattle* v. *Hill,* 14 Wash. 487 (45 Pac. 17, 35 L. R. A. 372), which is also thoroughly annotated.

Plaintiff contends that the personal property tax is so large that it amounts to confiscation and makes the levy of the taxes unequal and not uniform, but this contention is not well grounded. Plaintiff does not contend that the taxes were improperly levied against the personal property. Their application to the real property is more like the collection of a judgment than it is of a levy of a tax against the

real property. In fact the tax is not levied against the real property but the lien of the taxes is attached to the real property for the purpose of collecting them: *Vreeland* v. *Mayor etc. of Jersey City,* above.

The abortive attempt to sell the property for delinquent taxes is not a defense to defendant county's lien for the taxes. The void decree and subsequent proceedings are matters to be settled by the defendant Jackson County and defendants Hanscam and A. C. Walker. Plaintiff has no interest in the adjustment between the appealing defendants.

The court erred in not requiring plaintiff to pay the full amount of the personal property tax as well as the real property tax before permitting plaintiff to plead to the further and separate answer. The decree is reversed and one will be entered here declaring the lien of the defendant Jackson County for all the taxes a prior and superior lien to plaintiff's mortgage which tax lien must be satisfied out of the first proceeds of the sale of said real property.

REVERSED. COSTS DISALLOWED EITHER PARTY.

BELT and BEAN, JJ., concur.

BROWN, J., did not participate.