Argued August 6, decided October 19, 1909.

## O'SULLIVAN v. BLAKELY.

[104 Pac. 297.]

REPLEVIN—AFFIDAVIT—CONTENTS.

1. Under Section 285, subd. 4, B. & C. Comp., relating to claim and delivery, and providing that when a delivery is claimed, plaintiff shall make an affidavit that the property has not been taken for a tax, etc., when an immediate delivery is not claimed, such affidavit need not be made.

REPLEVIN—PROPERTY SUBJECT—PROPERTY TAKEN FOR TAX.

2. Under Section 285, subd. 4, B. & C. Comp., relating to claim and delivery, and providing that when a delivery is claimed plaintiff shall make an affidavit that the property has not been taken for a tax, while the provisional remedy of claim and delivery is not entirely co-ordinate with the common-law action of replevin, yet it conforms to the general rule that property seized for a tax on a warrant not void on its face cannot be replevied by the defendant in the tax warrant.

REPLEVIN—PROPERTY TAKEN FOR TAXES — PERSONALTY—DEFECTS IN WARRANT OR LEVY—EFFECT.

3. While a tax warrant, legal in form, proceeding from a court or officer authorized to issue it, and which on its face contains nothing fairly disclosing that it was improperly issued, will protect the officer executing it as if it were valid, it will not enable him to build up a title, either general or special, to property seized thereunder; and hence, when title to property is asserted by an officer undertaking to justify his execution of a tax warrant, he must show his authority, the regularity of the proceedings, and that the property levied on belongs to the person named in the warrant.

TAXATION—SALES—REGULARITY—BURDEN OF PROOF.

4. The sale of property by a tax collector is an *in invitum* proceeding, the regularity of which must be established by the officer attempting to uphold a title pursuant to the sequestration.

REPLEVIN—SALE FOR TAXES—ACTION TO TRY TITLE—ANSWER.

5. In an action to recover the possession of personal property or its value, an answer alleging the seizure and sale of the property under a tax warrant, but not setting forth the several steps required to be taken to form the basis of a valid tax, was insufficient.

From Union: WILLIAM SMITH, Judge.

Statement by MR. CHIEF JUSTICE MOORE.

This action was commenced April 3, 1906, by Peter O'Sullivan against J. M. Blakely, sheriff, to recover the possession of personal property, or its value in case possession thereof could not be secured, and damages for the alleged wrongful taking and the unlawful detention.

The answer denied the material averments of the complaint, and alleged, in effect, that at all the times stated in the pleadings the defendant was the duly elected, legally qualified and acting sheriff of Wallowa County and the *ex-officio* tax collector therein; that on February 12, 1906, the county clerk of that county made his certificate of the several amounts of taxes, apportioned to be assessed upon the taxable property of the county for all purposes for the year 1905, together with a transcript of the original assessment roll, to which was attached a proper warrant, directed and delivered to the defendant, authorizing him to collect the taxes set out in the transcript or tax roll for that year; that on such roll the plaintiff's personal property assessment, as equalized, was $13,376, and the tax due thereon amounted to $214.01; that the plaintiff was removing from that county without paying any part of such tax, and had advertised his goods to be sold March 24, 1906, intending thereby to place them beyond the reach of the defendant for such tax; that on the day appointed for such sale the defendant, in order to satisfy the plaintiff's taxes, which were then due, levied on the personal property, and after duly advertising the same, sold it April 7, 1906, to the highest bidder for cash, thereby realizing $176.85; that such sale was fairly conducted, and the sum so obtained was all the property was then reasonably worth; that after such seizure, but prior to the sale so made, the plaintiff paid on account of such tax the sum of $30; that the expenses incurred in making the sale were $29; that after crediting such payment and the sum so secured from the sale, and deducting the expenses, there remained due on

account of the tax the sum of $36.16; and that the personal property described in the complaint composed the goods, etc., as sold by the defendant.

A demurrer to the answer, on the ground that it did not state facts sufficient to constitute a defense herein, was overruled, whereupon a reply was filed denying the averments of new matter in the answer, upon which issues the cause was tried, resulting in a judgment for the defendant, and the plaintiff appeals.          AFFIRMED.

For appellant there was a brief over the names of *Mr. George G. Bingham and Mr. Charles H. Finn,* with an oral argument by *Mr. Bingham.*

For respondent there was a brief and an oral argument by *Mr. Francis S. Ivanhoe.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. The seizure of the personal property was made pursuant to the following enactment:

"It shall be the duty of the sheriff to levy upon the goods and chattels of any person or persons removing from the county without first paying all taxes charged against them; and he shall make sale thereof, if necessary, in the manner prescribed in this chapter." Section 3137, B. & C. Comp.

This action is maintained under the code title of "Claim and Delivery" (Section 284, B. & C. Comp.), which form, it has been said, was substantially the common-law remedy of replevin. *Casto* v. *Murray,* 47 Or. 57, 63 (81 Pac. 388, 883); *Freeman* v. *Trummer,* 50 Or. 287, 292 (91 Pac. 1077). The plaintiff herein did not claim the immediate delivery of his goods, and hence he was not required to give, and did not make, an affidavit that the property had been taken for a tax. Section 285, subd. 4, B. & C. Comp. The statute last noted practically prohibits the maintenance of the former action of replevin in cases like the one at bar.

2. It will thus be seen that the provisional remedy of claim and delivery is not entirely co-ordinate with the

common-law action of replevin, but it conforms to the general rule established by courts that, where property is seized for a tax upon a warrant not void on its face, such property cannot .be replevied by the defendant in the tax warrant from the officer so seizing it. Cobbey, Replevin (2 ed.) § 333.

3. A tax warrant, legal in form, proceeding from a court or an officer having authority to issue it, and which on its face contains nothing fairly to disclose to any one that it was put forth without sanction of law, will protect the officer whose duty it is to execute such process to the same extent as if it were valid; but it will not enable such official to build up a title, either general or special, to property seized by virtue of the mandate. Cooley, Taxation (2 ed.), 801. When, therefore, a title to property is asserted by an officer, who undertakes to justify his execution of a tax warrant, he must, as in cases of seizure under an attachment or under an execution, show his authority, the regularity of the proceedings under which he acts, and that the property levied upon, to satisfy the ratable measure of the sovereign's exaction, belongs to the person named in the warrant.        Shinn, Replevin, § 538.

4. The sale of property by a tax collector, for the payment of the tribute which the law demands, is an *in invitum* proceeding, the regularity of which must be established by the officer who attempts to uphold a title pursuant to the sequestration. The amended complaint alleged that at all the times therein stated the plaintiff was the owner, etc., of the personal property, which on March 24, 1906, the defendant unlawfully seized. The complaint does not state, nor does the answer allege, that the plaintiff owned such property in Wallowa County on March 1, 1905, at the hour of 1 o'clock A. M., when the goods should have been assessed to the person who at that time owned them. Section 3057, B. & C. Comp., as amended by Laws Sp. Ses. 1903, p. 4.

5. The answer does not allege that the personal property was listed by the assessor, unless such fact is to be inferred from the averment "that on said tax roll [referring to a transcript of the original assessment roll] the plaintiff's personal property assessment, as equalized by the county board of equalization, was, after his exemption of $300, $13,376." As the answer does not set forth the several steps required to be taken to form the basis of a valid tax, it did not aver facts sufficient to constitute a defense to the action, and an error was committed in overruling the demurrer.

For the error so committed, the judgment is reversed, and the cause remanded for such further proceedings as may be necessary, not inconsistent with this opinion.

REVERSED.

MR. JUSTICE EAKIN, having made an order in this cause, took no part in the trial or consideration hereof.