Submitted on briefs July 2, reversed and remanded July 30, 1958

# DRUCK *v.* PLASTIC SHEETING COMPANY ET AL
### 328 P. 2d 339

On briefs.

Reinhardt & Coblens, Portland, for appellant.

William M. Langley, and Willis A. West, Portland, for respondent County of Multnomah.

O'CONNELL, J.

■ This is a suit to foreclose a chattel mortgage executed by the defendant Plastic Sheeting Company. The United States of America and the County of Multnomah were joined as defendants for the purpose of adjudicating their respective lien claims for taxes. The interest of the United States is not involved in this appeal.

The mortgage in question was executed on Oc-

tober 29, 1951 by the defendant Plastic Sheeting Company to C. H. and Matilda S. Farrington to secure a promissory note in the amount of $76,000. On February 17, 1953 the note was renewed and incorporated into a note for a larger amount. The mortgage, which was recorded on December 27, 1951, covered certain fixtures and equipment owned by the mortgagor on the date of the execution of the mortgage. No part of the merchandise inventory of the mortgagor was covered by the mortgage. On January 18, 1952 the note and mortgage were assigned to the United State National Bank of Portland, which in turn made an assignment to the plaintiff on April 30, 1954. These assignments were for value and were duly recorded. On February 20, 1953 the sheriff of Multnomah County levied an assessment against Plastic Sheeting Company for personal property omitted from the assessment for the fiscal years 1951-1952 and 1952-1953. This assessment was made pursuant to ORS 311.210 which establishes the procedure for the assessment of property which has been omitted in the assessment for any year. Taxes which had been regularly assessed in the years 1951-1952 and 1952-1953 had been paid. Taxes for the fiscal years 1953-1954 and 1954-1955 were also levied against Plastic Sheeting Company.

The February 20, 1953 assessment of the omitted property was based upon the mortgagor's merchandise inventory only. The possession of the property covered by the mortgage was transferred from the mortgagor to the plaintiff on April 26, 1954. The mortgage foreclosure decree ordered the mortgaged property sold and ordered the proceeds applied to the satisfaction of the mortgage debt only after the personal property taxes assessed against the mortgagor for the years hereinbefore mentioned had been paid. At the

foreclosure sale a bid in the amount of $500 was made on plaintiff's behalf. This was the only bid made. The amount bid was tendered to the sheriff of Multnomah County, who rejected the tender and refused to execute and deliver to the plaintiff a certificate of sale unless the plaintiff paid the personal property taxes levied against the mortgagor. To prevent the sheriff of Multnomah County from selling the property free of the mortgage interest, the plaintiff obtained an order enjoining the sale of the property described in the foreclosure decree until the entry of a final decree disposing of the question of priority between the asserted tax lien and the mortgage lien. By a later order the circuit court also determined that the sheriff was not obligated to execute and deliver a sheriff's certificate of sale covering the property in question. The plaintiff appealed from that determination and from the decree of foreclosure postponing plaintiff's interest in the proceeds of the sale to the defendant county's claim for taxes.

It is the contention of the defendant Multnomah County that personal property taxes based upon the omitted property for the years 1951-1952 and 1952-1953, as well as the taxes assessed against the mortgagor for the years 1953-1954 and 1954-1955 were a charge upon *all* of the personal property owned by the mortgagor, including the fixtures and equipment which, as indicated above, came into the possession of the plaintiff on April 26, 1954. It is the plaintiff's contention that a lien for taxes assessed against specific personal property does not extend to other property of the taxpayer and that to create a lien on such other property distraint must be made by the sheriff, in which case the lien so created is subject to encumbrances then existing.

As already observed, none of the property covered by the mortgage was included in the assessment of the omitted property made on February 20, 1953 for the years 1951-1952 and 1952-1953, that assessment being confined to the omitted merchandise inventory and the mortgage covering only fixtures and equipment. It is clear then that if the plaintiff's contention is valid, the lien of the defendant county would not attach to the mortgaged property until distraint was made and then only if this were done before the mortgage lien attached.

The defendant county relies upon ORS 311.405, subsections (3) and (4). Subsection (3), prior to an amendment not germane to this case, provided as follows:

"Taxes on personal property shall be a lien on all personal property of the person assessed from and including January 1 of the year of assessment until paid, except as provided in ORS 311.410."

The statute is worded broadly enough to make possible the construction contended for by the defendant county. However, the statute has not received this broad construction.

It was established in *Owens v. Oregon Livestock Loan Co.*, 151 Or 63, 47 P2d 963 (1935) that a tax lien attaches only to the specific property assessed and that with respect to other property of the taxpayer a lien does not arise unless distraint is made on such other property, in which case the lien arises on the date of distraint. In that case a mortgage was executed on various items of personal property, including several thousand sheep. Soon after the execution of the mortgage the mortgaged property was delivered to the mortgagee in satisfaction of the mortgage debt. About three years after the transfer of the property

from the taxpayer to the mortgagee the sheriff seized certain sheep then in the mortgagee's possession, contending that they were the same flock of sheep assessed to the mortgagor. The court rejected this contention, pointing out that as a result of deaths, births, sales and purchases, a very few if any of the sheep which were in existence at the date of the seizure had been in existence when the taxes in question were assessed. The court held that the county had no right to any of the proceeds of the sale of the property on foreclosure of the mortgage because the county could not establish that any of such property in the possession of the mortgagee had been assessed for the taxes which the county was then attempting to collect. The court relied principally upon a series of Washington cases construing Washington statutes similar to the Oregon statutes relating to the assessment of personal property, and particularly ORS 311.405, as quoted above. The Washington cases were summarized by the court as follows:

"* * * only the property assessed is liable for payment of the tax unless the tax collector distrains other property. But his distraint is ineffective unless the property he seizes belongs to the tax debtor at the time of the distraint. The fact that it belonged to the tax debtor at the time the tax was levied is immaterial if it now belongs to some one else." *Owens v. Oregon Livestock Loan Co.*, 151 Or 63 at page 74.

The defendant Multnomah County argues that the Owens case is inapposite on the ground that in that case the property in question was transferred to a purchaser, whereas in the instant case the plaintiff "is no more than the assignee of an encumbrancer", and that the property so encumbered was still in possession of the mortgagor at the time of the assessment. We do

not regard the distinction as significant in this case. The mortgagee or his transferee acquired an interest in the property secured. The fact that his property interest is a lien only and therefore less than the full title to the property should not deprive him of protection against the interest of the county which arises after his lien has attached. In the Owens case it was said:

> "* * * To hold that a tax assessed against specific personal property is a lien not only upon that property but also upon all of the rest of the tax debtor's property and that a distraint may be enforced long after the property has passed, through successive sales, into new ownerships could certainly occasionally result in injustice. * * *" 151 Or 63 at 76.

Injustice could result as well where the "new ownership" is the limited ownership of a security interest. The plaintiff as assignee of the mortgage acquires this security interest. It is our conclusion that with respect to the assessment of February 20, 1953 for personal property omitted from the earlier assessments the plaintiff is entitled to priority as against the defendant county.

■ A different problem is presented with respect to the taxes assessed against Plastic Sheeting Company's personal property for the years 1953-1954 and 1954-1955. As stated above, the assessment of February 20, 1953 was made on the basis that the omitted property of the taxpayer consisted of merchandise inventory only. It follows that the fixtures and equipment in the mortgagee's possession could not have been identified as the property assessed upon which a tax lien would arise through the assessment. However, with respect to the 1953-1954 and 1954-1955 taxes it is possible that the fixtures and equipment now in the plaintiff's pos-

session was the property specifically assessed in those years as the property of the mortgagor, in which case the lien arising through such an assessment would be superior to that of the lien of the mortgage. On the other hand, it is possible that the property in the plaintiff's possession does not constitute any of the property upon which the taxes for those years were levied. If the latter were true, the defendant county would not have a lien until distraint was made on the property in the plaintiff's possession. The principle applicable here is recognized in the Owens case. In that case the court approved and applied the rule stated in *Wilberg v. Yakima County*, 132 Wash 219, 231 P 931, 41 ALR 184, as follows:

> " 'If the tax is not collected from the person against whom it is assessed and who owned the personal property at that time, it may be collected from a subsequent owner in whose hands the property may be at the time of the attempted collection; but in order to collect the tax from such person it must originally have been so specifically assessed that it can be traced into the hands of persons against whom the tax is sought to be enforced and there identified as being the same specific property described in the original assessment.' "

The question is then, were the fixtures and equipment in the possession of the plaintiff property specifically assessed in 1953-1954 and 1954-1955 as the property of the mortgagor? Upon cross-examination both the personal property tax collector and the personal property appraiser of the defendant county testified that they were not able to determine whether any of the property covered by the mortgage had been included in the assessments for the years in question. And the lower court found that none of the property in the plaintiff's possession covered by the mortgage had been identified as the property assessed to the mortgagor.

In spite of this failure of proof by the defendant county, we might indulge in the assumption that since the property in question was in the mortgagor's possession until April 26, 1954, it must have been assessed along with other personal property of the defendant Plastic Sheeting Company and that the taxes attributable to this assessment are those which are now being claimed. Were we to make this assumption the plaintiff would not be liable for more than that proportion of the tax which was attributable to the property in his possession. The findings of fact reveal that of the merchandise, fixtures and equipment assessed to the Plastic Sheeting Company for the two tax years in question, approximately 15 per cent constituted fixtures and equipment. Consequently, even if we should identify the property in the plaintiff's hands as the property assessed, and if we should assume further that the merchandise, fixtures and equipment referred to in the findings constituted all of the Plastic Sheeting Company's personal property in Multnomah County in the tax years 1953-1954 and 1954-1955, the plaintiff would be liable only for this relatively small proportion of the tax claimed. But even in such case we are without any direct evidence offered by the defendant county to establish the proper proportion of the tax for which the plaintiff would be responsible. It is quite apparent that the defendant county drew its pleadings and rested its argument upon the assumption that its lien for taxes spread over all of the taxpayer's property and not simply that which was specifically assessed. As a consequence its pleading and proof are in very general terms. If we were to give the defendant county the benefit of the assumption referred to above, it would be necessary to establish that all of the personal property of Plastic Sheeting Company in Multnomah County had been assessed, that the merchandise, fix-

tures and equipment constituted *all* of such property assessed, and that no taxes on any of the personal property in the county had been paid. The pleadings, proof and findings do not establish this. It is possible therefore that the tax for which a county asserts its lien is not the tax arising out of the assessment of the property now in the plaintiff's possession.

We are aware of the frequently stated policy in favor of simple, unimpeded, and sometimes even summary methods of collecting taxes. But there is a limit to which this court can go in excusing a tax collecting unit from following the rules of pleading and proof in establishing its case. We are of the opinion that these rules should not be required to bear the strain upon them which the defendant county has asked us to do in this case. In short, it has not carried the burden of proof in establishing its lien on the property in the plaintiff's possession.

■ In the foregoing discussion we have assumed that the defendant county has the burden of proving that the property upon which the tax lien is asserted was the property assessed. The reasoning in the Owens case, supra, supports this assumption. In that case the plaintiff argued that the burden of proof rested upon the county to establish that the property sold for taxes by the sheriff was the property assessed. As in the case at bar, it was possible that some of the property upon which the tax lien was asserted had been assessed by the county. But the county did not show this connection. The court said:

"* * * The sheriff did not make the seizure upon which he is now relying until about three years after that transaction. Hence, he can hold none of the sheep transferred by the Farghers to the loan company liable for the Farghers' unpaid taxes except those, if any, assessed for the taxes which he

is now endeavoring to collect. So far as we can learn from the record, the sheriff made no direct effort to prove that any of the property transferred had been assessed for 1927, 1928, 1929 and 1930 taxes, but sought to support his claim with a contention that all of the Farghers' property was subject to a lien for their unpaid taxes, and that when the loan company acquired the sheep its title was subject to a lien for all unpaid personal property taxes. The statute does not support his claim." *Owens v. Oregon Livestock Loan Co., et al.*, 151 Or 63 at 77.

The same principle is announced in *Farm & Cattle Loan Co. v. Faulkner*, 34 Wyo 199, 242 P 415 (1926). There the taxpayer mortgaged a herd of cattle to the plaintiff in 1922. The county seized the cattle under a distraint warrant to satisfy taxes levied upon the property of the mortgagor in 1921. In holding that the seizure was invalid, the court said:

"The principle deducible from these authorities is, we think, that, when appellant showed its mortgage, it made a prima facie case, and the burden to overcome it devolved upon the respondents. We think it clear upon the record before us that this prima facie case of appellant has not been met. The assessment schedule was not shown. It does not appear whether the tax was levied on real or personal property. There is no evidence in the record that cattle—let alone calves which would have been yearlings in 1922—were assessed for taxation. We cannot presume that, simply because the 'property' of Townsend in Weston county was assessed, that the assessment included personal property, or property of the same class as that seized by the county treasurer under the distraint warrant. Respondents have accordingly shown no right whatever to the cattle seized as against the mortgagee, have not met the prima facie case made by appellant, and the case must accordingly be reversed. * * *"

See also *O'Sullivan v. Blakely*, 54 Or 551, 104 P 297 (1909).

The defendant relies upon *Wyman v. Noonday Mining Co.*, 100 Or 211, 197 P 289 (1921) and *Getchell v. Walker et al.*, 129 Or 602, 278 P 93 (1929). These cases, interpreting what is now ORS 311.405, hold that a tax lien is superior to a mortgage lien whether the taxes are levied prior to or subsequent to the creation of the mortgage lien. This result was reached on the basis of the language in what is now ORS 311.405 (6) which provides, in part, as follows:

> "* * * Such [tax] liens shall have priority to and be fully satisfied before any judgment, mortgage or other lien or claim, except the lien for taxes for a subsequent year; * * *." ORS 311.405 (6).

These cases and the statute are not applicable to the case at bar. If it had been established in the instant case that the mortgaged property had been assessed and that the tax lien was being asserted on the basis of that assessment, the mortgage interest would be subordinated to the county's lien. But, as pointed out earlier, this was not the case. Unless the defendant county can trace its lien arising out of the assessment to the property held by the plaintiff, it has no lien until and unless distraint is made, and in such case the lien so acquired is subject to existing liens on the property distrained.

■■ The possession of the property covered by the mortgage was retained by the Plastic Sheeting Company until April 26, 1954, at which time it was delivered to the plaintiff. The defendant attaches significance to the mortgagor's retention of possession, relying upon ORS 308.105, which reads in part as follows:

> "* * * Personal property which is mortgaged or pledged is, for purposes of assessment and taxa-

tion, the property of the person who has the possession thereof." ORS 308.105 (2).

The statute simply designates the taxpayer who is to be responsible for paying the tax with respect to certain property assessed, and this responsibility is based upon the possession of the assessed property. The statute does not entitle the county to a lien on the property possessed but not owned by the taxpayer to satisfy a claim for taxes assessed against other property of the taxpayer. And if the property in the possession of the taxpayer is owned by him subject to an encumbrance, the encumbrance has priority over the county's claim for taxes assessed against other property of the taxpayer unless the county creates a lien by distraint on the possessed property before the third party's encumbrance is created. We conclude therefore, that because the defendant county did not establish that any part of the property in the possession of the plaintiff could be identified as property assessed to the Plastic Sheeting Company, for which the defendant county is now asserting its lien, the plaintiff's mortgage lien has priority.

The decree is reversed and the cause remanded with instructions to the lower court to enter a decree in accordance with the views expressed herein. The lower court shall also direct the sheriff of Multnomah County to complete the foreclosure sale by executing and delivering to the plaintiff a certificate of sale of the property described in the foreclosure decree.

Mr. Chief Justice PERRY did not participate in the decision of this case.